## district court of the United States
### district for Eugene

:peter attilla: family of [reman]                  )
:ida-lee:family of [reman]                          )          Civil Action No. ___ **1 2- 7 30 - H O**
[1525] Plat I , Sutherlin, Oregon [97479]   )          Oregon Tax Case#: TC 5073
phone#: 971-221-9066                             )
      Petitioner /Administrator             )          Date: April 25, 2012
                            )
              Vs                       )          *COM PLAINT*
                            )
                            )          Administrative Law Judge

DOUGLAS COUNTY(private company)
Agent/Counsel Paul E. Meyer and Agent/Assesor Susan Acree
      Plaintiffs/ Defendants

---

### TAKE JUDICIAL NOTICE PETITION TO CORRECT &
### AMEND COURT JURISDICTION AND VENUE
### TRANSFER TO CURE OF JURISDICTION

     Now, Comes the Petitioners/ Administrators :peter attilla: family of [reman]:ida-lee: family
of [reman]  with this amend to correct jurisdiction of this Court to be placed upon the clerk of
courts TAKE JUDICIAL NOTICE PETITION TO CORRECT &  TO AMEND COURT
JURISDICTION AND VENUE TRANSFER TO CURE OF JURISDICTION . It has come to the
attention of this Petitioner that the REGULAR DIVISION OF THE OREGON TAX COURT is
the wrong jurisdiction and venue for this case to have been placed in .

TITLE 28 > PART IV > CHAPTER 85 > § 1331

§ 1331. FEDERAL QUESTION

***The district courts*** *shall have original jurisdiction of all civil actions arising under the*
*Constitution, laws, or treaties of the United States*

TITLE 28 > PART IV > CHAPTER 85 > § 1340

CMN: 7010 1870 0003 5859 5214 and 7010 1870 0003 5859 5207

*e 0000 7432*

§ 1340. INTERNAL REVENUE; CUSTOMS DUTIES

**The district courts** shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade

TITLE 28 > PART IV > CHAPTER 85 > § 1334

§ 1334. BANKRUPTCY CASES AND PROCEEDINGS

(a)Except as provided in subsection (b) of this section, the **district courts** shall have original and exclusive jurisdiction of all cases under title 11.

(b)Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the **district courts,** the **district courts** shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

TITLE 28 > PART IV > CHAPTER 85 > § 1345

§ 1345. UNITED STATES AS PLAINTIFF

Except as otherwise provided by Act of Congress, the **district courts** shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

TITLE 28 > PART IV > CHAPTER 89 > § 1442
§ 1442. FEDERAL OFFICERS OR AGENCIES SUED OR PROSECUTED

(a)A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

**(2)**A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

**(3)**Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;

**(4)**Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

**(b)**A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

The Petitioners will point out the following Six Courts as listed in the federal Statutes. "court of the United States", "United States Tax Court", "district courts of the United States " , " United States district court", " United States District Court for the District of Columbia" and the UNITED STATES DISTRICT COURT listed on the heading on this court filing .This Court named the UNITED STATES DISTRICT COURT can not be found in the Federal statutes to have any jurisdiction or venue. The district court of the United States is listed as the Article III having jurisdiction over Constitution , Laws and Treaties of the United States as listed as the inferior court of the U.S. Constitution Article III section 1. The over four Courts jurisdiction and venue are placed in the federal territory to limit what jurisdiction or venue they operate in.

**First Court;**

TITLE 18 > PART I > CHAPTER 1 > § 23.1
§ 23.1 COURT OF THE UNITED STATES DEFINED

As used in this title, except where otherwise expressly provided the term "**court of the United States**" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands.

**Second Court;**

TITLE 26 App. > TITLE II. > Rule 10

RULE 10. NAME, OFFICE, AND SESSIONS

**(a) Name: The name of the Court is the United States Tax Court.**

**(b) Office of the Court:** The principal office of the Court shall be in the District of Columbia, but the Court or any of its Divisions may sit at any place within the United States. See Code secs. 7445 and 7701(a)(9).

**(c) Sessions:** The time and place of sessions of the Court shall be prescribed by the Chief Judge.

**(d) Business Hours:** The office of the Clerk at Washington, D.C., shall be open during business hours on all days, except Saturdays, Sundays, and legal holidays in the District of Columbia, for the purpose of receiving petitions, pleadings, motions, and other papers. Business hours are from 8:00 a.m. to 4:30 p.m. For legal holidays, see Rule 25(b).

**(e) Mailing Address:** Mail to the Court should be addressed to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217. Other addresses, such as locations at which the Court may be in session, should not be used, unless the Court directs otherwise.

TITLE 26 > Subtitle F > CHAPTER 76 > Subchapter A > § 7402

§ 7402. JURISDICTION OF DISTRICT COURTS

**(a) To issue orders, processes, and judgments**

The **district courts of the United States** at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

TITLE 26 > Subtitle F > CHAPTER 76 > Subchapter A > § 7403

§ 7403. ACTION TO ENFORCE LIEN OR TO SUBJECT PROPERTY TO PAYMENT OF TAX

**(a) Filing**

In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a **district court of the United States** to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.

TITLE 26 > Subtitle F > CHAPTER 78 > Subchapter A > § 7604

§ 7604. ENFORCEMENT OF SUMMONS

**(a) Jurisdiction of district court**

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the **United States district court** for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

TITLE 28 > PART IV > CHAPTER 99 > § 1631

§ 1631. TRANSFER TO CURE WANT OF JURISDICTION

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

**Third Court;**

TITLE 28 > PART IV > CHAPTER 87 > § 1391
§ 1391. VENUE GENERALLY
**(f)**A civil action against a foreign state as defined in section 1603(a) of this title may be brought—
**(1)**in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
**(2)**in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
**(3)**in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
**(4)**in the **United States District Court for the District of Columbia** if the action is brought against a foreign state or political subdivision thereof.

**Fourth Court ;**

US Code - Title 28: Judiciary and Judicial Procedure

28 USC 610 - Sec. 610. Courts defined

As used in this chapter the word "courts" includes the courts of appeals and **district courts of the United States,** the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

Now the Petitioners will point out in each of the federal statute the ways the Court names are spelled, spells out the jurisdiction of the courts. Under Title 28 1391 this court under the heading of the United States District Court falls under chapter 97 JURISDICTIONAL IMMUNITIES OF FOREIGN STATES as a Foreign State Court. This information was not disclosed by the Attorney/s for the UNITED STATES. This Action was to cause Fraud upon the Court and to cause willful injuries to the Petitioner.

1. Under such Court action the Petitioner was never properly serviced per Fed. R. Civ. P. under Rule 4 (j)

2. The Petitioner under such foreign jurisdiction has immunities under IOIA OF 1945 HR 4489 P.L.291 59 STAT 669. This is an Act of Congress defined under § 1331

3. The Petitioner also holds immunities under 49 stat 3097 treaties series 881 Rights and Duties of the States. This is an Act of Congress defined under § 1331

4 The Petitioner also holds immunities under the 11th amendment of the U.S. Constitution which was also an Act of Congress and under the U.S. Constitution. defined under § 1331

5.. 28 USC 610 clearly shows the **district court of the United States** is the correct jurisdiction and venue as a Article III court to hear this Petitioners grievances under the bankruptcy of the united States which is the issue before this court . The creditors are aware of the 1933 bankruptcy and in title 12 chapter 2 section 95, 95a and 95b a state of emergency has been declared by the President of the united state of America.

## PUBLIC LAW

16. P.L. 1 48 stat C 1 To provide relief in the existing national emergency in banking, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Congress hereby declares that a serious emergency exists and that it is imperatively necessary speedily to put into effect remedies of uniform national application.

The Petitioner will now point out "court of the United States", "United States Tax Court", are territory courts of the federal territory districts as listed in 18 USC 23.1. and again unless

this Petitioner is subject to such jurisdiction and the Attorney that is a party to this action can

provide evidence that shows that the Petitioner is resident of a federal district territory as defined

under 18 USC 23.1, this court lacks subject matter and the Petitioner demand that 28 USC 1631

Transfer to cure want of jurisdiction to the **district court of the United States** to the Article III

Constitution court under 28 USC 1331.

## PARTIES INVOLVED

**Petitioners** : :peter-attilla: family of [reman] and :ida-lee: family of [reman], [1525] Plat I,
Sutherlin , oregon [97479] being the real parties of interest of such injuries caused by the
defendants
**First Defendant**: DOUGLAS COUNTY Agent/Counsel Paul E. Meyer, 321 Douglas County
Courthouse, Roseburg, OR. 97470
**Second Defendant:** DOUGLAS COUNTY Agent/Assessor Susan Acree, 1036 SE Douglas Ave.
Roseburg, Oregon 97470
and in charge of the Federal Motor Carrier Safety Administration are being sued in their private as

well as their official standing for breach of fiduciary duties as well as for action in violation of

"THEIR" Oaths to those Official offices.

## INTRODUCTION AND OPENING STATEMENT OF COMPLAINT
## BREIF STATEMENT OF THE ISSUE

1. Petitioners have claimed sole ownership of their properties.
2. Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree refused to
   acknowledge Petitioners' claim demanding the taxes they claimed were due them.
3. Petitioners challenged the legality of their claims and the legality of their standing to make
   the claims.

4. Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree responded by suing Petitioners in the REGULAR DIVISION OF THE OREGON TAX COURT.

5. Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree failed to rebut the challenges offered them and failed to render relief.

6. Petitioners filed a Motion to Dismiss for Lack of Standing and Jurisdiction and a Motion to Dismiss Due To Unlawful/ Invalid Summons.

7. Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree responded by filing a Motion and Affidavit for Summary Judgment.

8. Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree neglected to respond to the presumptions and challenges laid against them and failed to render the proof required of them.

9. The REGULAR DIVISION OF THE OREGON TAX COURT failed to dismiss the case for lack of jurisdiction per the 11th Amendment of the Constitution .

10. Petitioners fear unlawful exparte communications between Defendants and REGULAR DIVISION OF THE OREGON TAX COURT and an unjust outcome due to the same exparte communications.

11. Petitioners hereby remove the Case # TC 5073 to the "**district court of the United States**," inasmuch as the issues involved pertain to its Federal jurisdiction.

12. Petitioners claim that Defendants do not have the right to tax their property inasmuch as they are a private company and nothing in the Constitution grants private companies the right to engage in governmental activities.

13. Petitioners claim that if Defendants are indeed public officers they are obligated under the laws named to discharge the tax debt. Failure to do so indicates either fraud or the fact that they are not public officials or both!

14. Petitioners claim that Defendants do not have the right to tax their properties inasmuch as they are Foreign Agents under *International Organization Immunities Act of 1945*.

15. Petitioners also claim Defendants do not have the right to sue Petitioners inasmuch as they are Foreign Agents and under the *11th Amendment* the REGULAR DIVISION OF THE

OREGON TAX COURT does not have jurisdiction to judge a case prosecuted by a Foreign Agent against a citizen of the united states of America.

## STATEMENT OF THE INJURY

1. On or about February 8, 2012, Petitioners visited the DOUGLAS COUNTY Assessors' Office.

2. Petitioners informed the Staff that they had claimed the deed to their properties as sole owner and had recorded the corrected deed on November 17, 2011 under #2011-016514 and # 2011-016516 (see Exhibit A1).

3. Petitioners requested that inasmuch as the deed was clear and they had claimed it from the county, they were no longer tenants but owners and should /must be removed from the tax roll.

4. Staff members sent Petitioners over to the COUNTY COUNSEL Paul E. Meyer. He was not available to meet, so Petitioners left a copy of both corrected deeds with his secretary.

5. On or about February 11, 2012, Petitioners received a letter (see Exhibit A2) from DOUGLAS COUNTY Agent/Counsel Paul E. Meyer

6. The letter stated he had reviewed the information Petitioners had left him and had advised his clients that he did not find reason to grant property tax exemption.

7. The letter also advised that if Petitioners had a problem with it they could appeal Defendant Meyer's determination by filing a complaint with the Magistrate Division of the Oregon Tax Court.

8. Petitioners challenge Defendant Meyer's authority to make such legal determinations.

9. Petitioners did not file a complaint inasmuch as Defendant Meyer's readiness in offering that option implied his desire to head in that direction, and perhaps his certainty in gaining his ends thereby.

10. On March 16, 2012, Petitioners sent Defendant Meyer and DOUGLAS COUNTY Agent/Assessor Susan Acree a document entitled: **Legal Notice of Violation of Trusteeship, Notice of Constitutional Violation and Notice of Fraud. (see Exhibit A3)**.

11. The document was served by Certified Mail Numbers: 7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160. Defendants received the **Notice** on March 19, 2012.

12. The package contained the Legal Notice, money-order overlays, a copy of the Credit River Decision and documentation of the fact that DOUGLAS COUNTY is a private company, by their own admission.

   **Challenge of Payment**

13. Petitioners challenged the Constitutionality of the DOUGLAS COUNTY's accepting anything but gold and silver coins as a payment of debt, provided DOUGLAS COUNTY is a governmental body and has the authority and jurisdiction to impose taxes. (see pages 2&3 of Exhibit A3)

14. The *"Credit River Decision"* contained in Exhibit A3 also validates the fact that a debt may not be paid with a promissory note such as Federal Reserve Notes. Justice Mahoney ruled in support of the Constitution that, nothing but gold or silver coin may be used as a tender in payment of debt.

15. Demanding payment in anything but gold or silver coin is nothing more than a standing violation of the Constitution for the united states of America.

16. Petitioners also demanded that the Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree discharge the debt per their obligations as public trustees under the *Bankruptcy Act of 1933*; *63C Am.Jur.2d, Public Officers and Employees, §247* and *McNally v. United States, 483 U.S. 350 (1987)*, provided they are as they claim to be: public officers and possessors of the authority and jurisdiction to impose taxes.

17. Petitioners warned that violations of Federal laws and fraud void any immunity an official may think he has. *Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) And... USC § 12202 - STATE IMMUNITY.*

**Challenge of Defendants' Status**

18. Petitioners then challenged Defendants' claim to their governmental status.

19. As documented in **Exhibit A3**, Defendants have advertised themselves on Manta as **"private company",** indicating that they are trading on the stock market and are a for-profit corporation.

20. Petitioners addressed the fact that: *"Governments lose their immunity and descend to level of private corporations when involved in commercial activity enforcing negotiable instruments, as in fines, penalties, assessments, bails, taxes, the remedy lies in the hand of the state and its municipalities seeking remedy." Rio Grande v. Darke, 167 P.241.*

21. Petitioners asserted that since Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree are self-described as a private company per their advertisements, they have no more right to exact taxes than any other private company.

22. The Clearfield Doctrine strongly reiterates the use of "Federal Reserve Notes" as belonging to corporations not governments. *"Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen...where private corporate commercial paper [Federal Reserve Notes] and securities [checks] is concerned. ... For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government." - **Clearfield Trust Co. v. United States, 318 U.S. 363-371 (1942)** This case further supports the assertion that Defendants are indeed a private company.

23. Petitioner also brought into question the legality of Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree **impersonating** public officers for a profit and gain.

24. Petitioners had demanded the removal of their properties from the tax roll as the relief desired.

25. Failing to render the requested relief within 14 days of the receipt of the **Notice** would subject the Defendants to the penalty of 20 gold pieces (Gold piece = 1 oz. .9995 fine) per

person per day count starts on the 15th day from the receipt of the **Notice. (see Exhibit A3 page 4 for more details of the contract**)

26. Defendants were given the option of rebutting point by point the accusations laid out in the **Notice (Exhibit A3 page 5**) within 30 days of the receipt of the notice. The rebuttal was to be signed under penalty of perjury.

27. Defendants failed to render the relief demanded. They refused to remove Petitioners properties from the tax roll.

28. Defendants failed to rebut the accusations laid against them as demanded. The accusations therefore stand un-rebutted.

29. Defendants filed a law suit IN THE REGULAR DIVISION OF THE OREGON TAX COURT on or around March 20, 2012. **(see Exhibit A4**)

30. The Summons of the suit was signed by Defendant Meyer himself instead of the court clerk as it should have been. He failed to explain by what authority he was able to issue a tax court summons when he is a mere county counsel per his claim on the bottom of his summons.

31. Petitioners allege that this may be a second count of impersonation of a public officer.

32. Defendant Meyer misquoted Petitioners claim upon which relief could be granted in his Complaint to the Tax Court. **(see Exhibit A4 page 2 of Complaint ,# 5.**)

33. Defendant Meyer also prayed the court to reward him his attorney fees. This comes as an insult to Petitioners inasmuch as he is tax funded and Petitioners have been paying his wages so far. Does Defendant Meyer now demand double payment for his services??

34. Also if Defendant Meyer is a public trustee how can he pursue actions against the beneficiaries/ Petitioners? This would be a violation of his trusteeship.

16. Petitioners responded to the suit by filing a Motion to Dismiss for Lack of Standing and Jurisdiction and a Motion to Dismiss Due To Unlawful/ Invalid Summons on April 5, 2012. **(see Exhibit A5**)

35. Defendants responded on April 12, 2012 with a Motion and Affidavit for Summary Judgment. **(see Exhibit A6**)

CMN: 7010 1870 0003 5859 5214 and 7010 1870 0003 5859 5207

36. Defendants once again failed to rebut the presumptions placed on them.

37. Defendants refused to address the question of their status as a private company. They evaded the question and offered no response. (see Exhibit A6, page 1 of Motion for Summary Judgment)

38. Defendants refused to respond to the allegations that they are Foreign Agents; another evasion. (see Exhibit A6, page 2 of Motion for Summary Judgment)

39. Defendant Meyer again failed to render proof of his authority to issue court summons or make legal determinations against the beneficiaries(Petitioners) of the trust whereof he is a trustee.

40. Defendant Meyer claims in his fourth point that the tax court disposed of the "theory" of only gold or silver coins being lawful money in *Douglas County vs. Ohlsen* wherein Judge Henry Breithaupt ruled that lawful currency included Federal Reserve notes and any other currency adopted by the UNITED STATES government.

41. Petitioners rebut this audacious claim and assert that Judge Henry Breithaupt and Defendants are in standing violation of the Constitution for the united states of America and of the *"Credit River Decision".*

42. It is pure logic that a debt cannot be lawfully paid with a mere promissory note which has no backing in solid assets. This would be fraud.

43. In the fifth point of Defendants' Motion for Summary Judgment, Defendant Meyer refers to Petitioners' money order overlays as "gibberish". Perhaps he is incompetent and should have a competency exam, inasmuch as he cannot understand legal, promissory note language. Petitioners considered rendering the Defendants the promissory notes since they insisted on such. Obviously they don't like such notes either.

44. In their sixth point, Defendants refuse to respond to the legitimacy of Petitioners' corrected deeds, by saying that the argument needs no response. They fail to back their claim with any law; they simply evaded the issue.

45. In Defendants' AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, there is no legal reason offered for the granting of the Summary Judgment.

46. Defendants still have not rebutted the claims made by Petitioners that they have no standing to make the claims they are making

47. Defendants still have not rebutted the claims made by Petitioners that they have no standing to sue Petitioners.

48. THE REGULAR DIVISION OF THE OREGON TAX COURT also lacks jurisdiction under the *11th Amendment* to issue a Summary Judgment.

49. THE REGULAR DIVISION OF THE OREGON TAX COURT also lacks jurisdiction due to the fact that Petitioners are flesh and blood natural man and woman and according to the *Penhallow* case, the Defendants (if they are, as they claim, governmental entities) and the Oregon Tax Court has no jurisdiction to deal with Petitioners or to judge them. *Penhallow v. Doane's Administrators ,3 U.S. 54 (1795). "Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them."*

50. `Under FRCP 5.1, Petitioners are hereby challenging the **constitutionality** of *Douglas County vs. Ohlsen.* Inasmuch as that decision is in violation of the ***united states Constitution Article 1 § 10 - The Legislative Branch Section 10 - Powers Prohibited of States, "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.*** It follows that Judge Henry Breithaupt in *Douglas County vs. Ohlsen.* would override the Constitution and violate his oath of office to support it by ruling that any tender -including Federal Reserve Notes- is acceptable… This being a Constitutional question it is subject to the jurisdiction of the "**district court of the United States"**

CMN: 7010 1870 0003 5859 5214 and 7010 1870 0003 5859 5207

51. Again assuming that the Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree, are indeed state officials and they are in governmental positions, it follows that they are public trustees under *63C Am.Jur.2d, Public Officers and Employees, §247*

52. Again assuming that the Defendant DOUGLAS COUNTY and Defendant Meyer and Defendant Acree, are indeed state officials and they are in governmental positions and are public trustees as established above, they are in violation of the *Bankruptcy Act of 1933*, whereby the government took the people's wealth and offered in exchange discharge of all debts. The above named county public trustees are therefore committing fraud by demanding the payment of a debt they themselves are responsible to discharge on behalf of the people as beneficiaries. *McNally v. United States, 483 U.S. 350 (1987)* also reiterates that violations of said fiduciary public trusteeship is nothing more or less than fraud.

53. One must note at this point that violations of federal laws and fraud void any immunity an official may think he has. *Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law." And...* Under *42 USC § 12202 - STATE IMMUNITY, "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [1] Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State".*

## CONCLUSION

1. Defendants have no right to demand taxes inasmuch as they are a private company and a for-profit business as has been documented by Petitioners. They would therefore be

liable under *18 USC § 912 - OFFICER OR EMPLOYEE OF THE UNITED STATES*
*"Whoever falsely assumes or pretends to be an officer or employee acting under the*
*authority of the United States or any department, agency or officer thereof, and acts as*
*such, or in such pretended character demands or obtains any money, paper, document,*
*or thing of value, shall be fined under this title or imprisoned not more than three*
*years, or both"*

2. Defendants have no right to demand taxes inasmuch as they are Foreign Agents under
   *International Organization Immunities Act* and *Title 22 USC (Foreign Relations and*
   *Intercourse) Chapter 11.* Petitioners have no obligations to Foreign Agents.

3. Defendants, as Foreign Agents, have no right and no standing to sue Petitioners under
   the *11th Amendment of the Constitution for the united states of America* .

4. Should Defendants actually be the Public Officers/Trustees that they claim to be, they
   are obligated under the *Bankruptcy Act of 1933* to discharge the debt.

5. Defendants have no right to force and coerce Petitioners to pay the debt the Defendants
   themselves are responsible to pay as Public Trustees.

6. Defendants have no right to demand the violation of the Constitution by demanding
   unlawful money for the payment of the debt they are responsible to pay.

7. Defendant Meyer has no right to issue court summons and claim it is legally binding.
   To date, he has failed to render proof in law to the contrary.

8. Defendant Meyer has no right to make legal determinations in violation of the Public
   Trusteeship/ Public office he claims he holds.

## Summary Judgment Order in Favor of the Petitioner

1. The **district court of the United States** has taken proper jurisdiction and venue over this case as required under 28 USC 1331

2. The district court will order that the Petitioner in this case be made whole.

3. The district court will further order that opposing party be taxed for a debt upon which this case was brought before this district court.

4. The district court further orders that the opposing party has caused a public debt under the *14th Amendment section 4 of the U.S. Constitution,* as such debt was caused by the opposing party the loses of all property/s will now be confiscated and sold to pay the public debt.

5 The district court further orders that the opposing party has violated the false claims statutes. The Petitioner is entitled to 1/3 payment after all property is sold under the public debt confiscation for their injuries.

6. The district court further finds that the opposing party should never hold a position of public trust for the rest of their life and the Attorney being a party to this case will be put on a 1 year suspension for ethic violation not to practice law and fined $30,000 dollars to be divide 2/3 for public debt and the 1/3 goes to the Petitioner.

## DECLARATORY JUDGMENT

- (a) Declaratory judgment for Petitioner against Defendant for, Compensatory damages $10,000.00 in lawful currency.
- (b) Declaratory judgment for Petitioner against Defendant for, Punitive damages $2,000.00 in lawful currency.
- (c) Declaratory judgment for Petitioners against Defendant, herein for, violation of

### Page **18** of **21**

Petitioners rights by Defendant operating under color of State law, outside their jurisdiction and scope of authority, causing Petitioner the damages alleged herein.

(d) Declaratory judgment for Petitioner against Defendants for, compensation, for the Petitioner's time taken to research, and compile the information necessary for Petitioner to be able to bring this Complaint forward.

(e) Declaratory judgment for Petitioner against Defendant for, rights violations, as alleged against Defendant within the ( 4 ) four corners of this complaint, as those rights are guaranteed to Petitioner by the 1St, 4th, $_5$th, $_6$th $_8^{th}$ Article of the Bill Of Rights, and the 14th amendment to the Constitution for the united states of America.

(f) All attorney fees in processing this action pursuant to Title 42 U.S.C. § 1988;

(g) Such other and further relief as the court deems proper.

Petitioner reserves the right to correct or update list of Defendants as their identities become known;
All rights reserved and the right to amend this complaint as needed without leave of court is also reserved. UCC 1-308

*:peter-attilla:family of [reman]*

:peter attilla: family of [reman]

*:ida-lee: family of [reman]*

:ida-lee: family of [reman]

[1525] Plat I Sutherlin, Oregon [97479]

State of Oregon, County of _Douglas_ ss.

On this _25_ day of _April_ 2012, before me _Marrelle Caldwell_ the
subscriber, _Kew Kara Trahern_ to me known (or proved to me on the basis of satisfactory evidence
of identification) to be the one of the people a living (woman) described in and who executed the foregoing
instrument and acknowledged before me that he executed the same as her freewill act and deed.
                                                                                            *His*

Witnessed by my hand and official seal,

_Marrelle Caldwell_

Notary Public for Oregon

My Commission Expires: _May 07, 2015_

OFFICIAL SEAL
MARKELLE RENE CALDWELL
NOTARY PUBLIC-OREGON
COMMISSION NO. 457089
MY COMMISSION EXPIRES MAY 07, 2015

CMN: 7010 1870 0003 5859 5214 and 7010 1870 0003 5859 5207

PROOF OF SERVICE

Now comes the Petitioners/Administrators, :peter attilla: family of [reman] and :ida-lee: family of [reman] to place upon the clerk of courts  for the "**district court of the United States**" district for Eugene this filing to be placed in a court of record TAKE JUDICIAL NOTICE PETITION TO CORRECT and TO AMEND COURT JURISDICTION AND VENUE TRANSFER TO CURE OF JURISDICTION, SUMMONS IN A CIVIL ACTION  AND NOTICE OF REMOVAL on this 25th day, month of April in the year of our lord 2012AD. A complete copy will also be hand delivered to the THE REGULAR DIVISION OF THE OREGON TAX COURT and mailed to the Defendants listed below by means of the accompanying Certified Mail Numbers

:ida-lee: family of [reman]           :peter attilla: family of [reman]


To: OFFICE OF THE COUNTY COUNSEL *and*  To: DOUGLAS Co. ASSESSOR'S OFFICE

   Attn: Agent/Counsel Paul E. Meyer     Attn: Agent/Assessor Susan Acree
   321 Douglas County Courthouse      1036 SE Douglas Ave.
   Roseburg, OR. 97470         Roseburg, Oregon 97470
   CMN: 7010 1870 0003 5859 5214     CMN: 7010 1870 0003 5859 5207