DOUGLAS COUNTY OFFICIAL RECORDS **2011-016516**
BARBARA E. ___SEN, COUNTY CLERK

**$68.00**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
00308270201100165160070083

11/17/2011 03:43:18 PM

**DEED-CORR  Cnt=1  Stn=3  marriagecounter**
**$40.00 $11.00 $17.00**

RRETURN ADDRESS
When Record is corrected please mail To:
:peter- attilla: family of [reman] at

[1525] Plat I, Sutherlin, oregon [97479]

_____Auditor Only_____

Document title(s)
Grantee Acknowledgement-Deed Correction by Lawful Sole Owner

Reference Number(s) of related Documents: 2005-015500, Title Order No: 64404, Escrow No. 00064404-002 TB
Grantor:
Teofil Selagea and Cornelia Selagea

Grantee:
:peter-attilla: family of [reman] (PETER REMAN)

Legal Description

PARCEL 4:

Lot 56, Block 5, PLAT "I" of the SUTHERLIN LAND AND WATER COMPANY, Douglas County, Oregon.
EXCEPTING THEREFROM that portion described as follows:

BEGINNING at a point of the North line of Lot 56 said point being North 89° 06' 57" East 147.40 feet
from the Northwest corner of said lot; thence leaving said North line and along the following courses
and distances, South 36° 42' 17" West 126.63 feet, South 06° 40' 41" West I 00.31 feet and South 69° 37'
47" West 45.88 feet to a point on the West line of Lot 56; thence along the West line of Lot 56, North
04° 31' 47" West 215.52 feet to the Northwest corner of Lot 56; thence along the North line of Lot 56,
North 89° 06' 57" East 147.40 feet to the point of beginning.  T25S, R05W, S23D, TL 102 S E Illy oC .2.3
T25S, R05W, S24C, TL 201 SUJ Y~ ~ J..~

Assessor's Tax Parcel ID Numbers: R126538 and R125264

The County Auditor will rely on the information provided

"RERECORDED AT THE REQUEST OF :peter-attilla: family of [reman] TO CORRECT THE
DEED by Sole Owner Acknowledgement.  PREVIOUSLY RECORDED IN BOOK: ~~-Ɵ-~~
AND PAGE: ~~-Ɵ-~~ , OR AS RECORDER'S NUMBER: ~~-Ɵ-~~ ." _INSTRUMENT #_
_2005 -015500_

ORS 205.234 **Recording of corrected instruments**

A county clerk shall not incur civil or criminal liability, either personally or in an official
capacity, for recording a corrected instrument under this section. [1991 c.230 §9; 2009 c.302 §1]

## *APOSTILLE*

*(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by          TERRI L POWERS

3. acting in the capacity of    Notary Public

4. bears the seal/stamp of      the said notary

5. Salem, Oregon                          Certified

6. on      Wednesday, November 9, 2011

7. by: *Assistant to Secretary of State*

8. No.      HC2011-10323

9. Seal/Stamp



10. Signature

Robin L. Conard
Assistant to Secretary of State

## *APOSTILLE*

### *(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by        IONA LYNN PHILLIPS

3. acting in the capacity of   Notary Public

4. bears the seal/stamp of    the said notary

5. Salem, Oregon                        Certified

6. on        Wednesday, November 9, 2011

7. by: *Assistant to Secretary of State*

8. No.    HC2011-10324

10. Signature

9. Seal/Stamp



*Robin L. Conard*

Robin L. Conard
Assistant to Secretary of State

## *APOSTILLE*

*(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by            CAROL LEE

3. acting in the capacity of     Deputy Clerk

4. bears the seal/stamp of       Douglas County

5. Salem, Oregon                 Certified

6. on        Monday, November 14, 2011

7. by: *Assistant to Secretary of State*

8. No.      HC2011-10413                      10. Signature

9. Seal/Stamp



Tange L. Auterson
Assistant to Secretary of State

## GRANTEE ACKNOWLEDGEMENT

:peter-attilla : of the family [reman] (purchased from Teofil and Cornelia Selagea), the living man, not an animal, the grantee transferee on the warranty (grant) deed for the real estate described on this certified copy of said warranty deed. It is my act and deed to acknowledge my acceptance of the warranty deed and lawful sole ownership of the property under the terms of the warranty deed. I ask that the record on file in the office of register of deeds be updated to show my acknowledgement of acceptance of the warranty deed, and the lawful sole ownership of the real estate recorded in the recorder's office of Douglas County under number 2005-015500 with no liens or encumbrances whatsoever, nunc pro tune *as of* 22nd day of June 2005 the date of signing.

As my act and deed under hand and seal by:

*peter-attilla: family of [reman]*

:peter - attilla: family of [reman] lawful
sole owner

State of Oregon )
)ss.
County of Douglas )

On this day personally appeared before me :

**OFFICIAL SEAL**
**IONA LYNN PHILLIPS**
**NOTARY PUBLIC-OREGON**
**COMMISSION NO. 456518**
**MY COMMISSION EXPIRES MARCH 03, 2015**

: peter –attilla: family of |reman|

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that (he, *she* or they) signed the same as (his, her or their) free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this _____ day of November, 2011

Notary Public in and for the State of Oregon residing at:

My Commission Expires 3l.3/ 2015

---

peter-attilla: family of [reman] lawful sole owner

signed in the presence of

Witness

Witness

Witness

After recording return to:

**AmeriTitle**

AmeriTitle, Inc.
P.O. Box 1609
1495 NW Garden Valley Blvd.
Roseburg, OR 97470      00064404

DOUGLAS COUNTY OFFICIAL RECORDS    2005-015500
BARBARA E. NIELSEN, COUNTY CLERK

$26.00

00114519200500155000020027
                        06/24/2005 01:31:11 PM
DEED-WD  Cnt=1  Stn=18  RECORDINGDESK
$10.00 $11.00 $5.00

Until a change is requested all tax statements shall be sent
to the following address:

PETER REMAN
2833 SE 130TH AVENUE
PORTLAND, OR 97236

## STATUTORY WARRANTY DEED

TEOFIL SELAGEA and CORNELIA SELAGEA, as tenants by the entirety, Grantor, conveys and warrants to PETER
REMAN, a fee simple estate, Grantee, the following described real property free of encumbrances, except as specifically set
forth herein situated in Douglas County, Oregon, to wit:

See Exhibit A attached hereto and made a part hereof.

This property is free from encumbrances, **EXCEPT**: ALL THOSE ITEMS OF RECORD, IF ANY, AS OF THE DATE OF
THIS DEED AND THOSE SHOWN BELOW, IF ANY:

**THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN
VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING
THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH
THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO
DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN
ORS 30.930.**

The true consideration for this conveyance is $385,000.00. (Here comply with the requirements of ORS 93.030)

The true consideration for this conveyance is pursuant to an IRC Tax Deferred Exchange on behalf of the Grantee.

Dated JUNE 22, 2005.

_____        _____
TEOFIL SELAGEA                          CORNELIA SELAGEA

STATE OF OREGON
COUNTY OF DOUGLAS          } SS:

This instrument was acknowledged before me on _____June 23, 2005_____
by **TEOFIL SELAGEA** and **CORNELIA SELAGEA**

_____
                                        Notary Public for Oregon
My commission expires ____1-26-07____

OFFICIAL SEAL
TERRI L POWERS
NOTARY PUBLIC - OREGON
COMMISSION NO. 364509
MY COMMISSION EXPIRES JAN. 26, 2007

ORSTWD

Exhibit A

PARCEL 1:

Lot 55, Block 5, PLAT "I" of the SUTHERLIN LAND AND WATER COMPANY, Douglas County, Oregon.  ALSO, the South half of the Southeast quarter of Section 23, Township 25 South, Range 5 West, Willamette Meridian, Douglas County, Oregon.

PARCEL 2:

Lots 39 through 54, Block 5, PLAT "I" of the SUTHERLIN LAND AND WATER COMPANY, Douglas County, Oregon.

PARCEL 3:

The Southwest quarter of the Southwest quarter of Section 24, Township 25 South, Range 5 West, Willamette Meridian, Douglas County, Oregon

PARCEL 4:

Lot 56, Block 5, PLAT "I" of the SUTHERLIN LAND AND WATER COMPANY, Douglas County, Oregon.  EXCEPTING THEREFROM that portion described as follows:

BEGINNING at a point of the North line of Lot 56 said point being North 89° 06′ 57″ East 147.40 feet from the Northwest corner of said lot; thence leaving said North line and along the following courses and distances, South 36° 42′ 17″ West 126.63 feet, South 06° 40′ 41″ West 100.31 feet and South 69° 37′ 47″ West 45.88 feet to a point on the West line of Lot 56; thence along the West line of Lot 56, North 04° 31′ 47″ West 215.52 feet to the Northwest corner of Lot 56; thence along the North line of Lot 56, North 89° 06′ 57″ East 147.40 feet to the point of beginning.

T25S, R05W, S23D, TL 102
T25S, R05W, S24C, TL 201

Order No.  64404

END OF DOCUMENT

BARBARA E. NIELSEN, COUNTY CLERK   2011-016514

0030826820110016514070082

$68.00

11/17/2011 03:41:16 PM

DEED-CORR   Cnt=1   Stn=3   marriagecounter
$40.00 $11.00 $17.00

RRETURN ADDRESS
When Record is corrected please mail To:
:peter- attilla: family of [reman] at

[1525] Plat I, Sutherlin, oregon [97479]

_____Auditor Only_____

Document title(s)

Grantee Acknowledgement-Deed Correction by Lawful Sole Owner

Reference Number(s) of related Documents: 2005-016314, Title Order No: 22-47244, Escrow No. 22-47244

Grantor:
Lynn Weaver

Grantee:

:peter-attilla: family of [reman] (PETER REMAN)

Legal Description

All of Lot 4, Block 3 Cloake's in the City of Roseburg, Douglas County, Oregon.

Assessor's Tax Parcel ID Number: R34013  27-6-15DD-6500

The County Auditor will rely on the information provided

"RERECORDED AT THE REQUEST OF :peter-attilla: family of [reman] TO CORRECT THE DEED by Sole Owner Acknowledgement. PREVIOUSLY RECORDED IN BOOK: 162 AND PAGE: 259, OR AS RECORDER'S NUMBER: 85546."

ORS 205.234 **Recording of corrected instruments**

A county clerk shall not incur civil or criminal liability, either personally or in an official capacity, for recording a corrected instrument under this section. [1991 c.230 §9; 2009 c.302 §1]

## *APOSTILLE*

*(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by     B.J. CLITHERO

3. acting in the capacity of     Notary Public

4. bears the seal/stamp of     the said notary

5. Salem, Oregon          Certified

6. on     Wednesday, November 9, 2011

7. by: *Assistant to Secretary of State*

8. No.     HC2011-10322

10. Signature

Robin L. Conard
Assistant to Secretary of State

9. Seal/Sta



## *APOSTILLE*

*(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by      IONA LYNN PHILLIPS

3. acting in the capacity of      Notary Public

4. bears the seal/stamp of      the said notary

5. Salem, Oregon      Certified

6. on      Wednesday, November 9, 2011

7. by: *Assistant to Secretary of State*

8. No.      HC2011-10325            10. Signature

9. Seal/Sta       *Robin L. Conard*

   Robin L. Conard
   Assistant to Secretary of State

# *APOSTILLE*

## *(Convention de La Haye du 5 octobre 1961)*

1. Country: *United States of America*

2. This public document
   has been signed by          CAROL LEE

3. acting in the capacity of    Deputy Clerk

4. bears the seal/stamp of     Douglas County


5. Salem, Oregon                      Certified

6. on       Monday, November 14, 2011

7. by: *Assistant to Secretary of State*

8. No.      HC2011-10412              10. Signature

9. Seal/Stamp



Tange L. Auterson
Assistant to Secretary of State

## GRANTEE ACKNOWLEDGEMENT

:peter-attilla : of the family [reman] (purchased from Lynne Weaver ), the living man, not an animal, the grantee transferee on the warranty (grant) deed for the real estate described on this certified copy of said warranty deed. It is my act and deed to acknowledge my acceptance of the warranty deed and lawful sole ownership of the property under the terms of the warranty deed. I ask that the record on file in the office of register of deeds be updated to show my acknowledgement of acceptance of the warranty deed, and the lawful sole ownership of the real estate recorded in the recorder's office of Douglas County under number 2005-016314 with no liens or encumbrances whatsoever, nunc pro tunc *as of* 30th day of June 2005 the date of signing.

As my act and deed under hand and seal by:

:peter - attilla: family of [reman] lawful
sole owner

| State of Oregon | ) |
| | )ss. |
| County of Douglas | ) |

On this day personally appeared before me :

: peter –attilla: family of [reman]

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that (he, *she* or they) signed the same as (his, her or their) free and voluntary act and deed, for the uses and purposes therein mentioned.
Given under my hand and official seal this _____day of November, 2011

Notary Public in and for the State of Oregon residing at:

My Commission Expires _____

peter-attilla: family of [reman]

peter-attilla: family of [reman] lawful sole owner

signed in the presence of

Witness_____

Witness_____

Witness_____

OFFICIAL SEAL
**IONA LYNN PHILLIPS**
NOTARY PUBLIC-OREGON
COMMISSION NO. 456518
MY COMMISSION EXPIRES MARCH 03, 2015

DOUGLAS COUNTY OFFICIAL RECORDS
BARBARA E. NIELSEN, COUNTY CLERK     005-016314




$26.00

0011550120050018314002 0029

07/01/2005 11:44:50 AM

DEED-WD  Cnt=1  Stn=18  RECORDINGDESK
$10.00 $11.00 $5.00


# TICOR TITLE™

**After Recording Return To:**
Peter Reman
2833 SE 130 Avenue
Portland OR 97236

**Send Tax Statements To:**
Peter Reman
2833 SE 130 Avenue
Portland OR 97236

Title Order No. 22-47244
Escrow No. 22-47244
Tax Account No. R34013  27-6-
15DD-6500

## WARRANTY DEED
(ORS 93.850)

**Lynne Weaver, Grantor,** conveys and warrants to Peter Reman, **Grantee,** the following described real property free of encumbrances except as specifically set forth herein:

**See Exhibit 'A' attached hereto and by reference made a part hereof.**

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

The true consideration for this conveyance is $170,000.00 which is paid by and to an accommodator pursuant to an IRC section 1031 exchange.

Dated this 30 day of June, 2005



Lynne Weaver

State of OR, County of Douglas    )ss.

This instrument was acknowledged before me on  6/ 30 , 2005 by Lynne Weaver.

Notary Public    My commission expires:  4/26/08

OFFICIAL SEAL
B. J. CLITHERO
NOTARY PUBLIC - OREGON
COMMISSION NO. 378697
MY COMMISSION EXPIRES APRIL 26, 2008

Title No. 22-47244       Escrow No. 22-47244

## EXHIBIT 'A'

Legal Description:
*Lot 4, Block 3, Cloake's Ferry, in the City of Roseburg, Douglas County, Oregon.*

Subject to:
2005-2006 real property taxes, a lien not yet due and payable.

Regulations, including levies, liens, assessments, rights of way and easements of Roseburg
Urban Sanitary Authority.

Covenants, conditions and restrictions, shown on the recorded plat as follows: "Single-Family
structures; no temporary dwellings or trailers, etc.; ground floor area of main structure to be not
less than 650 sq. ft.; set back lines as shown on plat; sewage disposal to be septic tank, of type
approved by Oregon State Board of Health, pending sewer installation."

Set back provisions as delineated on the recorded plat, being 20 feet from the easterly lot line.

Covenants, conditions and restrictions, but omitting covenants or restrictions, if any, based
upon race, color, religion, sex, sexual orientation, familial status, marital status, disability,
handicap, national origin, ancestry, or source of income, as set forth in applicable state or
federal laws, except to the extent that said covenant or restriction is permitted by applicable law,
imposed by instrument, including the terms and provisions thereof,
Recorded:                November 30, 1948
Book:                    162    Page: 259 Recorder's No. 85546
in Douglas County, Oregon.

## END OF DOCUMENT



# OFFICE OF THE COUNTY COUNSEL

Douglas County Courthouse • 1036 SE Douglas Avenue Room 321
Roseburg, Oregon 97470
Phone: 541-440-4375 • Fax: 541-440-6021

**DOUGLAS
COUNTY**

Paul E. Meyer
*County Counsel*

Paul B. van Dyk
*Assistant County Counsel*

SENT CERTIFIED WITH RETURN RECEIPT No. 7008 0150 0002 6053 0090

February 9, 2012

:peter-attilla: family of [reman]
:ida-lee: family of [reman]
PO Box 1048
1525 Plat I Road
Sutherlin, OR 97479

Re:     Property Tax Exemption

Dear Mr. Reman and Ms. Reman:

I have carefully reviewed the materials that you dropped off at my office on Wednesday, February 8, 2012, consisting of the two correction deeds (2011-016516 and 2011-016514) and the legal memorandum that references 31 USC § 3124 and *Memphis Bank & Trust v. Garner.* In addition to these written materials, I have also spoken to county folks in the Assessor's Office and Tax Department and I believe that I understand your argument to be that your property should be exempted from property taxation because you have paid off your mortgage.

Based on this information, please be advised that the county will not exempt your property from taxation.

If you wish to appeal this determination, you need to do so within 90 days of your receipt of this letter by filing a complaint with the Magistrate Division of the Oregon Tax Court in Salem. Enclosed is a complaint form and filing instructions if you wish to pursue this matter further.

I'm sure that this letter will be a disappointment to you, but I have advised my clients that the information and argument that you have provided is not an adequate basis under the law, as I understand it to be, to grant you a property tax exemption.

Sincerely,

Paul E. Meyer
Douglas County Counsel

Enc:   Complaint form and Instructions

From: :peter-attilla: family of [reman]               March16, 2012
      :ida-lee: family of [reman]
      [1525] Plat I rd.
      Sutherlin, oregon [97479]

To: OFFICE OF THE COUNTY COUNSEL
      Attn: Paul E. Meyer and Paul B. van Dyke
      Douglas County Courthouse
      1037 SE. Douglas Ave, Rm. 321
      Roseburg, OR. 97470
To: DOUGLAS COUNTY ASSESSOR'S OFFICE
      Attn: Susan Acree
      1036 SE Douglas Ave.
      Roseburg, Oregon 97470

      Re: Recognition of Sole Property Ownership

# Legal Notice of Violation of Trusteeship,
## Notice of Constitutional Violation and
### Notice of Fraud

Dear Mr. Meyer,

Your letter of February 9, 2012 indicates that you have been misinformed as to the reason we are putting the county on **Notice** of our sole ownership of the properties in question. The mortgage or lack thereof has nothing to do with the documents we recorded with the recorder's office. We also wish to point out that in your letter of February 9, 2012, you mentioned having reviewed *31 USC § 3124* and the *Memphis Bank &Trust vs. Garner* case; but failed to rebut either one, indicating that you either could not rebut them or had no intention of abiding by the said law.

Simply put, we had informed you that we had completed the final step of the acquisition process by accepting the deeds in question as sole owners. We are no longer tenants under the county. Under the Constitution we are sovereign landholders; as such we accept your oaths of office. Having established that fact, we once again request the Assessor's Office to recognize our ownership of the properties in question and remove said properties from their file. Failure to do so indicates that the County Counsel and the Assessors are assuming liability for the pending damages.

Exhibit. A3

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**
Served by Certified Mail Numbers: 7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160

I.          Assuming that the Douglas County Assessor's Office and the Douglas County
Counsel are indeed governmental bodies, they are in violation of the following laws:

1. ***united states Constitution Article 1 § 10 Article 1 - The Legislative Branch
Section 10 - Powers Prohibited of States,*** *"No State shall enter into any
Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal;
coin Money; emit Bills of Credit;* make any Thing but gold and silver Coin a
Tender in Payment of Debts; *pass any Bill of Attainder, ex post facto Law, or
Law impairing the Obligation of Contracts, or grant any Title of Nobility.*
Again, assuming that the Douglas County Assessor's Office and the Douglas
County Counsel are indeed governmental bodies, they are in standing
violation of the Constitution for the united states of America in that they are
demanding the payment of a debt by means of promissory notes, or Federal
Reserve notes( which is also promissory notes). As clearly documented, states
may not make anything but gold or silver coin a tender in payment of debt. It
follows that the Douglas County Assessor's Office and the Douglas County
Counsel are either in violation of the Constitution or they are in fact some
other entity impersonating state authority figures.

2. It must be noted that it is not lawful or possible to pay a debt by means of
promissory notes.(see attached *"Credit River Decision"*)

3. Again assuming that the Douglas County Assessor's Office and the Douglas
County Counsel, are indeed state officials and they are in governmental
positions, it follows that they are public trustees under *63C Am.Jur.2d, Public
Officers and Employees, §247*

4. Again assuming that the Douglas County Assessor's Office and the Douglas
County Counsel, are indeed state officials and they are in governmental
positions and are public trustees as established above, they are in violation of
the *Bankruptcy Act of 1933*, whereby the government took the people's wealth
and offered in exchange discharge of all debts. The above named county
public trustees are therefore committing fraud by demanding the payment of a
debt they themselves are responsible to discharge on behalf of the people as
beneficiaries. *McNally v. United States, 483 U.S. 350 (1987)* also reiterates

that violations of said fiduciary public trusteeship is nothing more or less than fraud.

5. One must note at this point that violations of federal laws and fraud void any immunity an official may think he has. *Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law." And...* Under *42 USC § 12202 - STATE IMMUNITY. "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [1] Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State".*

II. Hereto we have labored under the assumption that the Douglas County Assessor's Office and the Douglas County Counsel are indeed state officials. Are they really? Attached are copies of the advertisement from the Manta website, documenting that said entities are in fact private companies taking the liberty to trade on the stock market and are therefore profit-oriented outfits no different than Wal-Mart. That said they are liable for such damages the authors of this **Notice** shall have sustained due to the Douglas County Assessor's Office and the Douglas County Counsel personnel impersonating public officers and engaging in taxation, a governmental action they have no lawful authority to engage in.

1. "*Governments lose their immunity and descend to level of private corporations when involved in commercial activity enforcing negotiable instruments, as in fines, penalties, assessments, bails, taxes, the remedy lies in the hand of the state and its municipalities seeking remedy." Rio Grande v. Darke, 167 P.241.*

2. It follows that a private corporation has no more right by law to extort "taxes" than Wal-Mart would have. The Douglas County Assessor's Office and the

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**
Served by Certified Mail Numbers: 7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160

Douglas County Counsel have no right to demand taxes while in the capacity of a private corporation.

3. Also, since they are private corporations acting as governmental officers are they impersonating? Impersonating in itself would be a crime under Federal laws.

Should the Douglas County Assessor's Office and the Douglas County Counsel refuse to discharge the debt as required by law as Public trustees should, it follows that either they are engaged in fraud and are in violation of their fiduciary obligations under the law, or they are NOT public trustees at all, NOT public officers at all but are merely private entities masquerading as such.

We hereby put the Douglas County Assessor's Office and the Douglas County Counsel on **Notice of these violations** and request that they proceed with the requested action; namely, the removal of the properties owned by :peter-attilla: family of [reman] dba PETER REMAN from their tax roll and a waiving of **all** property taxes. Should the Douglas County Assessor's Office and the Douglas County Counsel fail to do so within 14 days of the receipt of this letter they will be held liable as if the 91st day had expired upon each and every failure and each and every trustee for the sum of 20 gold pieces (Gold piece = 1 oz. .9995 fine) per person per day; count starts on the 15th day from the receipt of this notice. Upon failure of the public trustees to pay the demanded relief the beneficiaries, :peter-attilla: family of [reman] and :ida-lee: family of [reman], will file a claim for breach of fiduciary duty and a claim to convert the accounts receivable to accounts payable by filing a 1099C for a forgiveness of indebtedness by a cancellation of indebtedness with the Internal Revenue Service as a sale or a gain as taxable income from recourse debt of the public trustees forgiven. We hereby state our claim and request that relief may be granted as named above; failure to respond within the time specified indicates that the Douglas County Assessor's Office and the Douglas County Counsel have accepted liability for the **full sum** stated in this claim. **THIS IS A TRUE BILL.** Failure to abide by their fiduciary obligations constitutes fraud and constructive fraud and will be dealt with legally. Impersonating is a Federal crime and will also be addressed legally. Violation of the public officer's oath of office to uphold the Constitution is treason and will also be properly prosecuted.

Any rebuttals to this claim and to the violations listed therein must be made within 30 days from the receipt of this letter by means of an affidavit rebutting point by point the issues brought forth in this claim and Notice of violations. The rebuttal **must** be signed under penalty of perjury. Failure to respond as requested indicates that the Douglas County Assessor Susan Acree and the Douglas County Counsels Paul E. Meyer and Paul B. van Dyke are in fact in standing violation of -but not limited to- the laws cited in this document.

All rights reserved. None waived.          Respectfully,

:peter-attilla: family of [reman]  UCC 1-308

:ida-lee: family of [reman]   UCC 1-308

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**
Served by Certified Mail Numbers: 7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160

Proof of Service

This is to certify that I, :ida-lee: family of [reman] have mailed a copy of this

**Legal Notice of Violation of Trusteeship, Notice of Constitutional**

**Violation and Notice of Fraud and Constructive Fraud**

To the Douglas County Assessor's Office and the Douglas County Counsel

By the following Certified Mail Numbers:

7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160

:ida-lee: family of [reman]

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**

Served by Certified Mail Numbers: 7010 1870 0003 5859 5153 and 7010 1870 0003 5859 5160

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710
541-440-4253

## DOUGLAS COUNTY PROPERTY TAX
## 2nd INSTALLMENT NOTICE FOR

### TAX YEAR ENDING: June 30, 2012

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R34013 | 27-06W-15DD-06500 | 00401 | 01/17/2012 |

| TAX YEAR | TOTAL TAX | UNPAID TAX | INTEREST | FEES | PAYMENT DUE |
|---|---|---|---|---|---|
| 2011-12 | $1,019.09 | $1,019.09 | $20.39 | | $1,039.48 |
| | | | | | |
| TOTAL | $1,019.09 | $1,019.09 | $20.39 | | $1,039.48 |

REMAN, PETER
PO BOX 1048
SUTHERLIN, OR  97479

Situs: 548 W HICKORY ST
ROSEBURG, OR 97471
Acres: 0.21
Legal: CLOAKE S FERRY, BLOCK 3, LOT
4, ACRES 0.21.

### PAYMENT DUE DATE: 02/15/2012

### PAYMENT INSTRUCTIONS:
- Please make checks payable to DOUGLAS County Tax Collector
- Please write your account number on your check.
- Please return the bottom stub of this notice with your payment and keep the top portion for your records.
- Payments must be postmarked on or before the payment due date to avoid interest accrual.
- The rate of interest is currently 16% annually or 1.333% per month (ORS 311.505).
- Installment due dates are November 15, February 15, and May 15 or the next business day.

Detach Here

### PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R34013 | 27-06W-15DD-06500 | 00401 | 01/17/2012 |
| UNPAID TAX | INTEREST | FEES | PAYMENT DUE BY:  02/15/2012 |
| $1,019.09 | $20.39 | | $1,039.48 |

REMAN, PETER
PO BOX 1048
SUTHERLIN, OR   97479

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710

10000801340130000103948000010394800000000002

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710
541-440-4253

## DOUGLAS COUNTY PROPERTY TAX
### 2nd INSTALLMENT NOTICE FOR

**TAX YEAR ENDING:** June 30, 2012

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R125264 | 25-05W-23D-00102 | 13000 | 01/17/2012 |

| TAX YEAR | TOTAL TAX | UNPAID TAX | INTEREST | FEES | PAYMENT DUE |
|---|---|---|---|---|---|
| 2011-12 | $660.76 | $660.76 | $13.21 | | $673.97 |
| **TOTAL** | $660.76 | $660.76 | $13.21 | | $673.97 |

REMAN, PETER
PO BOX 1048
SUTHERLIN, OR    97479

Situs: 1525 PLAT I RD
       SUTHERLIN, OR 97479
Acres: 113.07
Legal: S L & W CO PLAT I, BLOCK 5,
LOT PT 55 & PT 56, S1/2SE1/4, ACRES
113.07, NO BAG

**PAYMENT DUE DATE:** 02/15/2012

### PAYMENT INSTRUCTIONS:
- Please make checks payable to **DOUGLAS County Tax Collector**
- Please write your account number on your check.
- Please return the bottom stub of this notice with your payment and keep the top portion for your records.
- Payments must be postmarked on or before the payment due date to avoid interest accrual.
- The rate of interest is currently 16% annually or 1.333% per month (ORS 311.505).
- Installment due dates are November 15, February 15, and May 15 or the next business day.

Detach Here

## PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R125264 | 25-05W-23D-00102 | 13000 | 01/17/2012 |
| **UNPAID TAX** | **INTEREST** | **FEES** | **PAYMENT DUE BY: 02/15/2012** |
| $660.76 | $13.21 | | $673.97 |

REMAN  PETER
PO BOX 1048
SUTHERLIN, OR    97479

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710

100000112526400006739700006739700000000008

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710
541-440-4253

# DOUGLAS COUNTY PROPERTY TAX
## 2nd INSTALLMENT NOTICE FOR

### TAX YEAR ENDING: June 30, 2012

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R126538 | 25-05W-24C-00201 | 13000 | 01/17/2012 |

| TAX YEAR | TOTAL TAX | UNPAID TAX | INTEREST | FEES | PAYMENT DUE |
|---|---|---|---|---|---|
| 2011-12 | $81.21 | $81.21 | $1.63 | | $82.84 |
| **TOTAL** | $81.21 | $81.21 | $1.63 | | $82.84 |

REMAN, PETER
PO BOX 1048
SUTHERLIN, OR   97479

Situs: 0 FRASER CANYON RD
       SUTHERLIN, OR 97479
Acres: 71.23
Legal: S L & W CO PLAT I, BLOCK 5,
LOT 39 THRU 54  PT SW1/4SW1/4,
ACRES 71.23  NO BAG

PAYMENT DUE DATE: 02/15/2012

## PAYMENT INSTRUCTIONS:
- Please make checks payable to DOUGLAS County Tax Collector
- Please write your account number on your check.
- Please return the bottom stub of this notice with your payment and keep the top portion for your records.
- Payments must be postmarked on or before the payment due date to avoid interest accrual.
- The rate of interest is currently 16% annually or 1.333% per month (ORS 311.505).
- Installment due dates are November 15, February 15, and May 15 or the next business day.

Detach Here

### PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

| ACCOUNT NO. | MAP & TAX LOT NO. | CODE AREA | BILLING DATE |
|---|---|---|---|
| R126538 | 25-05W-24C-00201 | 13000 | 01/17/2012 |
| **UNPAID TAX** | **INTEREST** | **FEES** | **PAYMENT DUE BY: 02/15/2012** |
| $81.21 | $1.63 | | $82.84 |

REMAN, PETER
PO BOX 1048
SUTHERLIN, OR   97479

DOUGLAS COUNTY TAX COLLECTOR
PO BOX 5710
PORTLAND OR 97228-5710

1000001126538000000828400000082840000000008

The Credit River Decision

An honest judge rules honestly on money matters.

A Minnesota Trial Court's decision holding the Federal Reserve Act unconstitutional and VOID; holding the National Banking Act unconstitutional and VOID; declaring a mortgage acquired by the First National Bank of Montgomery, Minnesota in the regular course of its business, along with the foreclosure and the sheriff's sale, to be VOID.

Full report: http://worldnewsstand.net/money/mahoney-introduction.htm

This decision, which is legally sound, has the effect of declaring all private mortgages on real and personal property, and all U.S. and State bonds held by the Federal Reserve, National and State Banks to be null and VOID. This amounts to an emancipation of this nation from personal, national and State debt purportedly owed to this banking system. Every True American owes it to himself/herself, to his or her country, and to the people of the world for that matter, to study this decision very carefully and to understand it, for upon it hangs the question of freedom or slavery.

A WORD FROM AN ASSOCIATE JUSTICE WHO KNEW AND WORKED WITH JUSTICE MARTIN V. MAHONEY, STATE OF MINNESOTA, ABOUT THE CASE.

The "Credit River Decision" handed down by a jury of 12 on a cold day in December, in the Credit River Township Hall, was an experience that I'll never forget.

The Chief Justice of the Minnesota Supreme Court had phoned me a week before the trial and asked me if I would be an associate justice in assisting Justice Martin V. Mahoney since he had never handled a jury trial before. I accepted, and it took me two hours to get my car running in the 22 below zero weather.

I got to the court room about 30 minutes before trial, and helped get the wood stove going, since the trial was being held in an unheated store room of a general store. This was the first time I met Justice Mahoney, and I was impressed with his no nonsense manner of handling matters before him. My OB was to help pick the jury, and to keep Jerome Daly and the attorney representing the Bank of Montgomery from engaging in a fist fight. The court room was highly charged, and the Jury was all business.

The banker testified about the mortgage loan given to Jerome Daly, but then Daly cross examined the banker about the creating of money "out of thin air," and the banker admitted that this was standard banking practice. When Justice Mahoney heard the banker testify that he could "create money out of thin air," Mahoney said, "It sounds like fraud to me." I looked at the faces of the jurors, and they were all agreeing with Mahoney by shaking their heads and by the looks on their faces.

I must admit that up until that point, I really didn't believe Jerome's theory, and thought he was making this up. After I heard the testimony of the banker, my mouth had dropped open in shock, and I was in complete disbelief. There was no doubt in my mind that the Jury would find for Daly.

Jerome Daly had taken on the banks, the Federal Reserve Banking System, and the money lenders, and had won.

It is now twenty eight years since this "Landmark Decision," and Justice Mahoney is quoted more often than any Supreme Court justice ever was. The money boys that run the "private Federal Reserve Bank" soon got back at Mahoney by poisoning him in what appeared to have been a fishing boat accident (but with his body pumped full of poison) in June of 1969, less than 6 months later.

Both Jerome Daly and Justice Martin V. Mahoney are truly the greatest men that I have ever had the pleasure to meet. The Credit River Decision was and still is the most important legal decision ever decided by a Jury.

Bill Drexler

THE MAHONEY CREDIT RIVER DECISION

RE: First National Bank of Montgomery vs. Jerome Daly

IN THE JUSTICE COURT

STATE OF MINNESOTA

COUNTY OF SCOTT

TOWNSHIP OF CREDIT RIVER

JUSTICE MARTIN V. MAHONEY

First National Bank of Montgomery,

Plaintiff

vs

Jerome Daly,

Defendant

JUDGMENT AND DECREE

The above entitled action came on before the Court and a Jury of 12 on December 7, 1968 at 10:00 am. Plaintiff appeared by its President Lawrence V. Morgan and was represented by its Counsel, R. Mellby. Defendant appeared on his own behalf.

A Jury of Talesmen were called, impaneled and sworn to try the issues in the Case. Lawrence V. Morgan was the only witness called for Plaintiff and Defendant testified as the only witness in his own behalf.

Plaintiff brought this as a Common Law action for the recovery of the possession of Lot 19 Fairview Beach, Scott County, Minn. Plaintiff claimed title to the Real Property in question by foreclosure of a Note and Mortgage Deed dated May 8, 1964 which Plaintiff claimed was in default at the time foreclosure proceedings were started.

Defendant appeared and answered that the Plaintiff created the money and credit upon its own books by bookkeeping entry as the consideration for the Note and Mortgage of May 8, 1964 and alleged failure of the consideration for the Mortgage Deed and alleged that the Sheriff's sale passed no title to plaintiff.

The issues tried to the Jury were whether there was a lawful consideration and whether Defendant had waived his rights to complain about the consideration having paid on the Note for almost 3 years.

Mr. Morgan admitted that all of the money or credit which was used as a consideration was created upon their books, that this was standard banking practice exercised by their bank in combination with the Federal Reserve Bank of Minneapolis, another private Bank, further that he knew of no United States Statute or Law that gave the Plaintiff the authority to do this. Plaintiff further claimed that Defendant by using the ledger book created credit and by paying on the Note and Mortgage waived any right to complain about the Consideration and that the Defendant was estopped from doing so.

At 12:15 on December 7, 1968 the Jury returned a unanimous verdict for the Defendant.

Now therefore, by virtue of the authority vested in me pursuant to the Declaration of Independence, the Northwest Ordinance of 1787, the Constitution of United States and the Constitution and the laws of the State of Minnesota not inconsistent therewith ;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.That the Plaintiff is not entitled to recover the possession of Lot 19, Fairview Beach, Scott County, Minnesota according to the Plat thereof on file in the Register of Deeds office.

2.That because of failure of a lawful consideration the Note and Mortgage dated May 8, 1964 are null and void.

3.That the Sheriff's sale of the above described premises held on June 26, 1967 is null and void, of no effect.

4.That the Plaintiff has no right title or interest in said premises or lien thereon as is above described.

5.That any provision in the Minnesota Constitution and any Minnesota Statute binding the jurisdiction of this Court is repugnant to the Constitution of the United States and to the Bill of Rights of the Minnesota Constitution and is null and void and that this Court has jurisdiction to render complete Justice in this Cause.

The following memorandum and any supplementary memorandum made and filed by this Court in support of this Judgment is hereby made a part hereof by reference.

BY THE COURT

Dated December 9, 1968

Justice MARTIN V. MAHONEY

Credit River Township

Scott County, Minnesota

MEMORANDUM

The issues in this case were simple. There was no material dispute of the facts for the Jury to resolve.

Plaintiff admitted that it, in combination with the Federal Reserve Bank of Minneapolis, which are for all practical purposes, because of their interlocking activity and practices, and both being Banking Institutions Incorporated under the Laws of the United States, are in the Law to be treated as one and the same Bank, did create the entire $14,000.00 in money or credit upon its own books by bookkeeping entry. That this was the Consideration used to support the Note dated May 8, 1964 and the Mortgage of the same date. The money and credit first came into existence when they created it. Mr. Morgan admitted that no United States Law Statute existed which gave him the right to do this. A lawful consideration must exist and be tendered to support the Note. See Ansheuser-Busch Brewing Company v. Emma Mason, 44 Minn. 318, 46 N.W. 558. The Jury found that there was no consideration and I agree. Only God can create something of value out of nothing.

Even if Defendant could be charged with waiver or estoppel as a matter of Law this is no defense to the Plaintiff. The Law leaves wrongdoers where it finds them. See sections 50, 51 and 52 of Am Jur 2nd "Actions" on page 584 – "no action will lie to recover on a claim based upon, or in any manner depending upon, a fraudulent, illegal, or immoral transaction or contract to which Plaintiff was a party."

Plaintiff's act of creating credit is not authorized by the Constitution and Laws of the United States, is unconstitutional and void, and is not a lawful consideration in the eyes of the Law to support any thing or upon which any lawful right can be built.

Nothing in the Constitution of the United States limits the jurisdiction of this Court, which is one of original Jurisdiction with right of trial by Jury guaranteed. This is a Common Law action. Minnesota cannot limit or impair the power of this Court to render Complete Justice between the parties. Any provisions in the Constitution and laws of Minnesota which attempt to do so is repugnant to the Constitution of the United States and void. No question as to the Jurisdiction of this Court was raised by either party at the trial. Both parties were given complete liberty to submit any and all facts to the Jury, at least in so far as they saw fit.

No complaint was made by Plaintiff that Plaintiff did not receive a fair trial. From the admissions made by Mr. Morgan the path of duty was direct and clear for the Jury. Their Verdict could not reasonably

been otherwise. Justice was rendered completely and without denial, promptly and without delay, freely and without purchase, conformable to the laws in this Court of December 7, 1968.

BY THE COURT

December 9, 1968

Justice Martin V. Mahoney

Credit River Township

Scott County, Minnesota.

Note: It has never been doubted that a Note given on a Consideration which is prohibited by law is void. It has been determined, independent of Acts of Congress, that sailing under the license of an enemy is illegal. The emission of Bills of Credit upon the books of these private Corporations for the purpose of private gain is not warranted by the Constitution of the United States and is unlawful. See Craig v. Mo. 4 Peters Reports 912. This Court can tread only that path which is marked out by duty. M.V.M.

JEROME DALY

had his own information to reveal about this case, which establishes that between his own revealed information and the fact that Justice Martin V. Mahoney was murdered 6 months after he entered the Credit River Decision on the books of the Court, why the case was never legally overturned, nor can it be.

JEROME DALY'S OWN ENTRY

REGARDING JUSTICE MAHONEY'S MEMORANDUM

FORWARD: The above Judgment was entered by the Court on December 9, 1968. The issue there was simple - Nothing in the law gave the Banks the right to create money on their books. The Bank filed a Notice of Appeal within 10 days. The Appeals statutes must be strictly followed, otherwise the District Court does not acquire Jurisdiction upon Appeal. To effect the Appeal the Bank had to deposit $2.00 with the Clerk within 10 days for payment to the Justice when he made his return to the District Court. The Bank deposited two $1.00 Federal Reserve Notes. The Justice refused the Notes and refused to allow the Appeal upon the grounds that the Notes were unlawful and void for any purpose. The Decision is addressed to the legality of these Notes and the Federal Reserve System. The Cases of Edwards v. Kearnzey and Craig vs Missouri set out in the decision should be studied very carefully as they bear on the inviolability of Contracts. This is the Crux of the whole issue. Jerome Daly.

SPECIAL NOTATION. Justice Mahoney denied the use of Federal Reserve Notes, since they represent debt instruments, not true money, from being used to pay for the appeal process itself. In order to get this overturned, since the bank's appeal without the payment being recognized was out of time, it would have required that the Bank of Montgomery, Minnesota bring a Title 42, Section 1983 action against the judicial act of Justice Mahoney for a violation of the Constitution of the United States under color of law

or authority, and if successful, have the case remanded back to him to either retry the case or allow the appeal to go through. But the corrupt individuals behind the bank(s) were unable to ever elicit such a decision from any federal court due to the fact that because of their vile hatred for him and what he had done to them and their little Queen's Scheme, had him murdered (same as them murdering him) just about 6 months later. And so, the case stands, just as it was. Amazingly, if they hadn't been so arrogant about the value of their federal reserve notes and paid the Justice just 2 measly silver dollars, or else 4 measly half dollars, or else 8 measly quarters, or else 20 measly dimes, or else 40 measly nickels, or else 200 measly pennies, they could have had their appeal and would not have had to get blood on their hands.



U.S. ~ Roseburg, OR ~ Government ~ Public Finance, Taxation, and Monetary Policy ~ County Government Finance and Taxation ~ Douglas County Assessor

**Company Profile**

## Douglas County Assessor

1036 SE Douglas Avenue
Roseburg,OR97470-3396map
Website:  Join Free to View
Phone:    (541) 440-4222

**Sponsored Links**

Free Accounting Resources Strategic Finance & Accounting Articles, Webinar and Much More.
www.discoverima.org/freetoolkit

### About Douglas County Assessor
Is this your company? Claim This Profile

Douglas County Assessor in Roseburg, OR is a private company categorized under County Government Finance and
Taxation. Register for free to see additional information such as annual revenue and employment figures.

**Business Categories**
County Government-Finance & Taxation in Roseburg, OR  Public Finance Activities  Public Finance Activities

### Company Contacts
Is this your company? Claim This Profile

Ron Northcraft
Manager

Tommy Melton
Other

Rob Paul
Other

Search for more contacts

Douglas County Assessor **Business Information**

Business Information

| Location Type | Single Location | State of Incorporation | Information not found |
|---|---|---|---|
| Annual Revenue | Join Free to View | SIC Code | Join Free to View |
| Employees | 20 to 49 | NAICS Code | 921130. Public Finance Activities |

- showcas
- see who's Douglas County Assessor, Roseburg, OR

**Get Your Free Listing**

## Other Companies on Manta

**Jackson County Auditor**
County Government Finance and Taxation in Medford, OR

**Jackson County Payment Center**
County Government Finance and Taxation in Medford, OR

**Jackson County Finance Dept.**
County Government Finance and Taxation in Medford, OR

**Josephine County Assessor**
County Government Finance and Taxation in Granta Pass, OR

**Douglas County Treasurer**
County Government Finance and Taxation in Roseburg, OR

## Related Searches

Other companies that match "Douglas County Assessor"

Jobs in Roseburg, OR

All U.S. County Government Finance and Taxation

Companies by Location: Roseburg, OR

Copyright © Manta Media Inc. All rights reserved

Blog     Twitter
Facebook



U.S. ~ Roseburg, OR ~ Government ~ Executive Offices ~ Roseburg County Supervisors' and Executives' Office ~ Douglas County

**Company Profile**

# Douglas County

1036 Se Douglas Avenue # 301
Roseburg, OR 97470-3301 map

Ads

**Unemployment Benefits** Before Pursuing Unemployment Claims & Benefits - Read This First!
www.NFIB.com

**About Douglas County**

Is this your company? Claim This Profile

Website: Join Free to View

Phone: (541) 440-4247

Douglas County in Roseburg, OR is a private company categorized under County Supervisors' and Executives' Office. Our records show it was established in and incorporated in Oregon. Register for free to see additional information such as annual revenue and employment figures.

**Business Categories**

County Supervisors' and Executives' Office in Roseburg, OR Executive Office Executive Offices

Products or Services: County Government Services.

**Company Contacts**

Is this your company? Claim This Profile

Sandra Correl
Manager

Search for more contacts

Douglas County Business Information

Business Information

| Location Type | Branch | State of Incorporation | Oregon |
|---|---|---|---|
| Annual Revenue Estimate | Information not found | SIC Code | Join Free to View |
| Employees | Information not found | NAICS Code | 921110, Executive Offices |



U.S. ~ Roseburg, OR ~ Government ~ Public Finance, Taxation, and Monetary Policy ~ Roseburg State Government-Finance and Taxation ~ County Of Douglas

**Company Profile**

# County Of Douglas

1036 Se Douglas Avenue
Roseburg, OR 97470-3301 map

Ads

**Plan Investment Strategy** Build Core, Alpha, & Alternative Investments Into Client Portfolios.
Janus.com

## About County Of Douglas

Is this your company? Claim This Profile
Website: Information not found
Phone: (541) 440-4244

County Of Douglas in Roseburg, OR is a private company categorized under State Government-Finance and Taxation.
Our records show it was established in and incorporated in Oregon. Register for free to see additional information such
as annual revenue and employment figures.

## Business Categories

State Government-Finance and Taxation in Roseburg, OR  Public Finance/Taxation/Monetary Policy  Public Finance
Activities

## Company Contacts

Is this your company? Claim This Profile

James W Rudolph
Treasurer

Search for more contacts

County Of Douglas Business Information

Business Information

| Location Type | Single Location | State of Incorporation | Oregon |
|---|---|---|---|
| Annual Revenue Estimate | Information not found | SIC Code | Join Free to View |
| Employees | | NAICS Code | 921130, Public Finance Activities |

U.S. ~ Roseburg, OR ~ Government ~ Legislative Bodies ~ County Government Offices ~ **Douglas Management & Finance**

**Company Profile**         Map         Web Results

## Douglas Management & Finance

1036 SE Douglas Avenue # 302
Roseburg,OR97470-3301map
Website:   Information not found
Phone:     (541) 440-4476

Sponsored Links
**State- Local Transparency** Gov. accountability model bills and tools for citizens and legislators.
www.sunshinestandard.org

### About Douglas Management & Finance
Is this your company? Claim This Profile

Douglas Management & Finance in Roseburg, OR is a private company categorized under County Government Offices.
Register for free to see additional information such as annual revenue and employment figures.

Business Categories
Government Offices-County in Roseburg, OR  Legislative Bodies Legislative Bodies

### Company Contacts
Is this your company? Claim This Profile

Sandee Correll
Executive Director

Search for more contacts

Douglas Management & Finance Business Information
Business Information

| Location Type | Single Location | State of Incorporation | Information not found |
|---|---|---|---|
| Annual Revenue | Join Free to View | SIC Code | Join Free to View |
| Employees | 5 to 9 | NAICS Code | 921120, Legislative Bodies |



# OFFICE OF THE COUNTY COUNSEL

**Douglas County Courthouse • 1036 SE Douglas Avenue Room 321
Roseburg, Oregon 97470
Phone: 541-440-4375 • Fax: 541-440-6021**

**DOUGLAS
COUNTY**

**Paul E. Meyer**
*County Counsel*

**Paul B. van Dyk**
*Assistant County Counsel*

SENT CERTIFIED WITH POSTAL RETURN RECEIPT
NO. 7008015000260530342

March 20, 2012

Peter Reman
PO Box 1048
1525 Plat I Road
Sutherlin, OR  97479

Re:    *Douglas County v. Reman*

Dear Mr. Reman:

Enclosed are copies of the complaint and summons that will be filed with the
Oregon Tax Court.  Also enclosed is an acceptance of service form.  If you would
be so kind, please sign the original acceptance and return it to me in the stamped
addressed enclosed envelope.  Thank you.

Sincerely,

Paul E. Meyer
Douglas County Counsel

Enc – Complaint, Summons and return envelope

cc     Susan Acree (w/out enc)

*Exhibit A4*

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

| | |
|---|---|
| DOUGLAS COUNTY, a political subdivision of the State of Oregon, | )<br>)<br>)   Case No. _____ |
| Plaintiff, | )<br>)<br>)   SUMMONS |
| vs. | )<br>) |
| PETER REMAN, | )<br>) |
| Defendant. | ) |

TO: PETER REMAN:

IN THE NAME OF THE STATE OF OREGON: You are required to appear and answer the complaint filed against you in the above entitled cause within thirty days of the date of the service of this summons upon you; and if you fail to answer, the plaintiff will apply to the court for the relief demanded therein.

## NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY

**You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the Court Clerk or trial court administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

Dated: March 20, 2012.

Paul E. Meyer, OSB 90144
County Counsel
321 Douglas County Courthouse
Roseburg, Oregon 97470
541-440-4375

1 - SUMMONS (G:\TAX\REMAN SUMMONS.DOCX)

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political subdivision of the State of Oregon, | ) ) ) | Case No. ____ |
| Plaintiff, | ) ) | ACCEPTANCE OF SERVICE |
| vs. | ) ) | |
| PETER REMAN, | ) ) | |
| Defendant. | ) | |

Defendant hereby accepts service of the summons and complaint in this matter,

dated March 20, 2012.

Dated:   March ___, 2012.

_____
Peter Reman

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

DOUGLAS COUNTY, a political      )
subdivision of the State of Oregon,   )        COMPLAINT
                                 )        (Declaratory Judgment)
        Plaintiff,               )
                                 )        Case No. _____
    vs.                          )
                                 )
PETER REMAN,                     )
                                 )
        Defendant.               )

Plaintiff alleges:

1.

Plaintiff is Douglas County, a political subdivision of the State of Oregon, existing

and formed under the laws thereof.   Defendant is the owner of certain real property

situated in Douglas County, referred to as tax account Nos. R34013, R125264, and

R126538 (the "property" or "defendant's property").

2.

Plaintiff seeks a declaratory judgment pursuant to ORS chapter 28 that

defendant's attempt to exempt his property from taxation by filing "correction deeds" is not

effective and that defendant's property is still subject to taxation.   This action is filed in

the regular division of the Oregon Tax Court, pursuant to *Irwin v. Dept. of Rev.*, 15 OTC

24, n 2 (1999) ("Because taxpayers are seeking a declaratory judgment, this matter is

heard directly by the Regular Division as a court of record as required by ORS 28.010.")
The Court has jurisdiction because this matter arises under the tax laws of the State of
Oregon. ORS 305.410.

3.

Defendant's "correction deeds" were filed on November 17, 2011, under recording
numbers 2011-016516 and 2011-016514. Copies are attached as *Exhibit A* [8 pages]
and *Exhibit B* [8 pages].

4.

Defendant was told that these documents did not exempt his property from
taxation. *See Exhibit C* [3 pages].

5.

Defendant has now sent the county a "Legal Notice of Violation of Trusteeship,
Notice of Constitutional Violation and Notice for Fraud," demanding that the county
"remove said properties from [the assessor's] file" and threatening to sue the county for
"20 gold pieces * * * per person per day" and to prosecute the county for treason. *See*
*Exhibit D* [21 pages]. Thus this controversy is justiciable.

6.

Wherefore, Plaintiff prays that the Court enter judgment:

6.1. Declaring that defendant's documents do not exempt his
property from taxation and are of no legal effect;

6.2. Awarding plaintiff its costs and disbursements incurred herein;
and

/////

2 - COMPLAINT (G:\TAX\REMAN COMPLAINT.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR 97470
(541) 440-4375

6.3.  For such other and further relief as the Court deems just and proper, including reasonable attorney fees pursuant to ORS 20.105 should defendant assert an objectively unreasonable defense.

Dated:   March 20, 2012.

Paul E. Meyer, OSB 90144
Douglas County Counsel
321 Douglas County Courthouse
Roseburg, Oregon   97470
541-440-4375

3 - COMPLAINT (G:\TAX\REMAN COMPLAINT.DOCX)

IN THE REGULAR DIVISION OF THE OREGON TAX COURT

PROPERTY TAX

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political | ) | Case No.: TC 5073 |
| Subdivision of the State of Oregon, | ) | Date: April 5, 2012 |
| Plaintiff | ) | |
| Vs. | ) | |
| PETER REMAN | ) | |
| Defendant | ) | |

**MOTION TO DISMISS FOR LACK OF STANDING AND JURISDICTION**

I.  Defendant :peter-attila: family of [reman] beneficiary/owner of the legal estate
    PETER REMAN, hereby motions the Court to dismiss this case for the following
    reasons:

1. Plaintiff Douglas County lacks standing to demand tax monies inasmuch as
   Plaintiff is a private company trading on the stock market. This fact is
   documented by their advertising on Manta. In their advertisement they are
   classified as "private company". (see Plaintiff's Exhibit D) There is **nothing** in
   the Constitution for the united states of America granting private companies the
   right to engage in taxation which is a governmental activity.

2. Plaintiff Douglas County's agents, Assessor Susan Acree and County Counsels
   Paul E. Meyer, have no standing to sue Defendant on the basis that they are
   foreign agents under *Title 8 USC 1481* and lack the standing to sue an American
   citizen under the *11th Amendment*.

   a. Also under the 11th Amendment THE REGULAR DIVISION OF THE
      OREGON TAX COURT **does not** have **jurisdiction** to judge a case
      prosecuted by a Foreign Agent against an American citizen.

3. The Claims of Plaintiff Douglas County's agents Assessor Susan Acree and
   County Counsels Paul E. Meyer are documentable as unlawful and fraudulent
   therefore they do not have a valid claim hence they have no standing.

*4.* Defendant has furthermore rendered payment by means of the indorsed instruments received by Plaintiff and Plaintiff's Agents March 19, 2012 copies of which are contained in Exhibit D of Plaintiff's Complaint. Inasmuch as Defendant has rendered payment and Plaintiff and Plaintiff's Agents have refused to acknowledge it; they have no claim and no standing against Defendant per *ORS § 73.0603¹*

## II. Memorandum of Law in Support of Motion to Dismiss for Lack of Standing and Jurisdiction

1. Plaintiff's and Plaintiff's Agents lack standing in this case due to their status of "private companies", the law is clear: *"Governments lose their immunity and descend to level of private corporations when involved in commercial activity enforcing negotiable instruments, as in fines, penalties, assessments, bails, taxes, the remedy lies in the hand of the state and its municipalities seeking remedy." Rio Grande v. Darke, 167 P.241.*

   a. Defendant would also point out that the case stated above also documents the loss of legal immunity and by extension the Plaintiff and Plaintiff's Agents assumed legal liability.

2. Plaintiff and Plaintiff's Agents lack standing and are barred from suing Defendant on the basis of their foreign agent status.

   a. December 9th 1945 *International Organization Immunities Act* relinquished every public office of the United States to the United Nations.

   b. *22 CFR 92.12-92.31* FR Heading "Foreign Relationship" states that an oath is required to take office.

   c. *Title 8 USC 1481* stated once an oath of office is taken citizenship is relinquished, thus one becomes a foreign entity, agency, or state. That means every public office is a foreign state, including all political subdivisions. (i.e. every single court is considered a separate foreign entity)

   d. *Title 22 USC* (Foreign Relations and Intercourse) *Chapter 11* identifies all public officials as foreign agents.

   e. *Title 28 USC 3002 Section 15A* states that the United States is a Federal Corporation and not a Government, including the Judiciary Procedural

Section.

f. *Federal Rules of Civil Procedure (FRCP) 4j* states that the Court jurisdiction and immunity fall under a foreign State.

g. *The 11th Amendment* states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of a Foreign State."

h. As is obvious Plaintiff and Plaintiff's Agents **do not** have the legal standing to file a lawsuit against Defendant.

i. The REGULAR DIVISION OF THE OREGON TAX COURT **does not have jurisdiction** to handle a case initiated by a foreign agent against a citizen under the 11th Amendment of the Constitution for the united states of America.

3. Defendant asserts that Plaintiff's and Plaintiff's Agents' claims are unlawful and fraudulent and therefore have no standing in Court on the basis that:

a. Plaintiff and Plaintiff's Agents are demanding payment of a debt in promissory notes other than gold and silver coin; a violation of ***united states Constitution Article 1 § 10 Article 1 - The Legislative Branch Section 10 - Powers Prohibited of States, "***No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.*

Justice Mahoney in the *Credit River Decision* reiterated the fact that promissory notes- such as Federal Reserve Notes- are unacceptable tender under the Constitution for the united states. *MARTIN V. MAHONEY JUSTICE OF THE PEACE CREDIT RIVER TOWNSHIP SCOTT COUNTY, MINNESOTA On January 6, 1969 this Court filed a Notice of Refusal to Allow Appeal with the Clerk at the District Court, Hugo L. Hentges, for the County of Scott and the State of Minnesota, which is as follows: NOTICE OF REFUSAL TO ALLOW APPEAL TO: Hugo L. Hentges, Clerk of District Court, Plaintiff, First National Bank of Montgomery and Defendant Jerome*

*Daly:* "...*These Federal Reserve Notes are not lawful money within the contemplation of the Constitution of the United States and are null and void. Further, the Notes on their face are not redeemable in Gold or Silver Coin nor is there a fund set aside anywhere for the redemption of said Notes.*"

b. Plaintiff and Plaintiff's Agents claim they are governmental figures and empowered and entitled to receive tax monies. Inasmuch as they are a documentable for-profit company, that claim would be a false statement and a fraudulent claim, making Plaintiff and Plaintiff's Agents liable under *TITLE 18 > PART I > CHAPTER 79 > § 1623. False declarations before grand jury or court*

c. Plaintiff and Plaintiff's Agents claim they are governmental figures. Provided their claim be true they would also be Public Trustees under *63C Am.Jur.2d, Public Officers and Employees, §247:* "*As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer.* [1] ***Furthermore, the view has been expressed that all public officers, within whatever branch and whatever level of government, and whatever be their private vocations, are trustees of the people, and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts.*** [2] ***That is, a public officer occupies a fiduciary relationship to the political entity on whose behalf he or she serves,*** [3] ***and owes a fiduciary duty to the public.*** [4] ***It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual.*** [5] *Furthermore, it has been stated that any enterprise undertaken by the public official which tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.*[6]"

d. As Public trustees they have the obligation under trust law and the *Bankruptcy Act of 1933* to discharge the debt. Failure to discharge the debt is Fraud.

4. Defendant has, as mentioned earlier, sent Plaintiff and Plaintiff's Agents the payment in the form of money orders (endorsable instruments). Copies of the said documents are contained in Plaintiff's Exhibit D.

a. Failure to either acknowledge the payment or discharge the debt would be a violation of *UCC § 3-603. TENDER OF PAYMENT. (b) If tender of payment*

*of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates"...* And of ***ORS § 73.0603[1] Tender of payment*** *"(2) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."*

b. Plaintiff and Plaintiff's Agents now claim a SECOND payment? Under the above named laws they have no standing to do so, and by extension they fail to have a legitimate claim and therefore have no standing in court.

## CONCLUSION

Defendant hereby motions the court to dismiss this case on the grounds that Plaintiff and Plaintiff's Agents lack standing due to: (1) their capacity as private companies, (2) their capacity as Foreign Agents, (3) their unlawful/ fraudulent claims, (4) the fact that they have been offered tender of payment and it was refused.

Defendant also motions the court to dismiss this case on the grounds that under the 11th Amendment, the REGULAR DIVISION OF THE OREGON TAX COURT does NOT have jurisdiction to judge a case prosecuted by a Foreign Agents against an American citizen.

**All rights to amend without leave of court, all rights reserved, UCC 1-308 abinitio**

Respectfully Submitted,

:ida-lee: family of [reman]                    :peter-attilla: family of [reman]

**Proof of Service**

This is to certify that I,:peter- attilla: family of [reman], on this 5th day of April 2012 AD, have filed a copy of this **MOTION and ORDER TO DISMISS FOR LACK OF STANDING AND JURISDICTION, MOTION and ORDER TO DISMISS DUE TO UNLAWFUL/ INVALID SUMMONS** and have mailed a copy to the Douglas County Assessor's Office and the Douglas County Counsel By the following Certified Mail Numbers:

:peter-attilla: family of [reman]

To: OFFICE OF THE COUNTY COUNSEL          CMN:  7010 1870 0003 5859 5177
    Attn: Paul E. Meyer
    321 Douglas County Courthouse
    Roseburg, OR. 97470

To: DOUGLAS COUNTY ASSESSOR'S OFFICE      CMN:  7010 1870 0003 5859 5184
    Attn: Susan Acree
    1036 SE Douglas Ave.
    Roseburg, Oregon 97470

IN THE REGULAR DIVISION OF THE OREGON TAX COURT

IN THE REGULAR DIVISION OF THE OREGON TAX COURT

PROPERTY TAX

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political | ) | Case No.: TC 5073 |
| Subdivision of the State of Oregon, | ) | Date: April 5, 2012 |
| Plaintiff | ) | |
| Vs. | ) | |
| PETER REMAN | ) | |
| Defendant | ) | |

**ORDER TO DISMISS FOR LACK OF STANDING AND JURISDICTION**

Having come before this REGULAR DIVISION OF THE OREGON TAX COURT a good cause having been shown by declaration under Federal and Oregon laws in support thereof and to further the interests of justice,

And in acknowledgment that this court lacks jurisdiction in this case,

It is hereby ordered that the Motion to Dismiss for Lack of Standing and Jurisdiction be granted the Defendant.

Oregon Tax Court Judge_____

IN THE REGULAR DIVISION OF THE OREGON TAX COURT

PROPERTY TAX

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political | ) | Case No.: TC 5073 |
| Subdivision of the State of Oregon, | ) | Date: April 5, 2012 |
| Plaintiff | ) | |
| Vs. | ) | |
| PETER REMAN | ) | |
| Defendant | ) | |

## MOTION TO DISMISS DUE TO UNLAWFUL/ INVALID SUMMONS

Defendant hereby motions the court to dismiss this case on the basis of the unlawful and by extension invalid summons served on Defendant by Plaintiff and Plaintiff's Agents. The summons is invalid because it was not authenticated by the OREGON TAX COURT clerk's signature nor does it bear the court's seal as required by law. (See attached Exhibit A1) Failing to bear these authentications it cannot be taken as a legally binding document nor does it have standing. Anyone can sign a piece of paper and throw it out there if it can legally be done by a closed union shop member such as Plaintiff's Counsel.

Defendant hereby challenges the authenticity of the summons sent to Defendant by Plaintiff and Plaintiff's Agents. Defendant demands proof in law of the County Counsel's authority to issue OREGON TAX COURT summons inasmuch as he is not the clerk of said court.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DUE TO UNLAWFUL/INVALID SUMMONS

A. There really isn't much to say. The law is clear: *FRCP Rule 4. Summons (1 ) Contents. A summons must:... (F) be signed by the clerk; and (G) bear the court's seal.*

B. Plaintiff's Counsel has not only violated the above stated law, he is liable under: *18 USC § 912 - OFFICER OR EMPLOYEE OF THE UNITED STATES "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three*

*years, or both"...*And under: *ORS **162.365 Criminal impersonation.** (1) A person commits the crime of criminal impersonation if with intent to* obtain a benefit, *to injure or* defraud *another or to* facilitate an unlawful activity, *the person does an act in the assumed character of:(a)* A public servant;*(3)(a) Criminal impersonation is a Class A misdemeanor.(b) Notwithstanding paragraph (a) of this subsection, criminal impersonation is a Class C felony if the public servant impersonated is a peace officer, judge or justice of the peace. [1971 c.743 §211; 1993 c.243 §1; 1997 c.395 §2; 2003 c.577 §12; 2007 c.510 §1]* Defendant asserts that the behavior of the Plaintiff's Counsel further questions the validity and standing of the summons served; even more so considering Plaintiff's Counsel is working for a self-described private company. (see Plaintiff's Exhibit D)

## CONCLUSION

As already stated Defendant demands the dismissal of this case as being fundamentally flawed and in violation of Federal and state law. Plaintiff's Counsel has no legal authority to issue summons or to act in the OREGON TAX COURT clerk's position and authority. The summons is therefore null and void. A void summons means there is no case. On that basis Defendant moves the court to dismiss the case.

**All rights to amend without leave of court, all rights reserved, UCC 1-308 abinitio**

Respectfully Submitted,

:ida-lee: family of [reman]                    :peter-attila: family of [reman]

**Proof of Service**

This is to certify that I,:peter- attilla: family of [reman], on this 5th day of April 2012 AD, have
filed a copy of this **MOTION and ORDER TO DISMISS FOR LACK OF STANDING AND
JURISDICTION, MOTION and ORDER TO DISMISS DUE TO UNLAWFUL/ INVALID
SUMMONS** and have mailed a copy to the Douglas County Assessor's Office and the Douglas
County Counsel By the following Certified Mail Numbers:

*peter-attilla: family of [reman]*

:peter-attilla: family of [reman]

To: OFFICE OF THE COUNTY COUNSEL             CMN:  7010 1870 0003 5859 5177
    Attn: Paul E. Meyer
    321 Douglas County Courthouse
    Roseburg, OR. 97470

To: DOUGLAS COUNTY ASSESSOR'S OFFICE             CMN:  7010 1870 0003 5859 5184
    Attn: Susan Acree
    1036 SE Douglas Ave.
    Roseburg, Oregon 97470

IN THE REGULAR DIVISION OF THE OREGON TAX COURT

PROPERTY TAX

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political | ) | Case No.: TC 5073 |
| Subdivision of the State of Oregon, | ) | Date: April 5, 2012 |
| Plaintiff | ) | |
| Vs. | ) | |
| PETER REMAN | ) | |
| Defendant | ) | |

**ORDER TO DISMISS DUE TO UNLAWFUL/ INVALID SUMMONS**

Having come before this REGULAR DIVISION OF THE OREGON TAX COURT a good cause having been shown by declaration under Federal and state laws in support thereof and to further the interests of justice.

It is hereby ordered that the Motion to Dismiss Due to Unlawful/Invalid Summons be granted the Defendant.

Oregon Tax Court Judge_____

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

DOUGLAS COUNTY, a political          )
subdivision of the State of Oregon,  )          Case No. ____
                                     )
            Plaintiff,               )
                                     )          SUMMONS
        vs.                          )
                                     )
PETER REMAN,                         )
                                     )
            Defendant.               )

TO:   PETER REMAN:

        IN THE NAME OF THE STATE OF OREGON:  You are required to appear and
answer the complaint filed against you in the above entitled cause within thirty days of the
date of the service of this summons upon you; and if you fail to answer, the plaintiff will
apply to the court for the relief demanded therein.

        **NOTICE TO DEFENDANT:   READ THESE PAPERS CAREFULLY**

        **You must "appear" in this case or the other side will win automatically.   To
"appear" you must file with the court a legal paper called a "motion" or "answer."
The "motion" or "answer" must be given to the Court Clerk or trial court
administrator within 30 days along with the required filing fee.   It must be in
proper form and have proof of service on the plaintiff's attorney or, if the plaintiff
does not have an attorney, proof of service on the plaintiff.   If you have any
questions, you should see an attorney immediately.   If you need help in finding an
attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503)
684-3763 or toll-free in Oregon at (800) 452-7636.**

        Dated:   March 20, 2012.

                                        _____
                                        Paul E. Meyer, OSB 90144
                                        County Counsel
                                        321 Douglas County Courthouse
                                        Roseburg, Oregon  97470
                                        541-440-4375

1 - SUMMONS (G:\TAX\REMAN SUMMONS.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR  97470
(541) 440-4375

Exhibit A1



# OFFICE OF THE COUNTY COUNSEL

**Douglas County Courthouse • 1036 SE Douglas Avenue Room 321**
**Roseburg, Oregon 97470**
**Phone: 541-440-4375 • Fax: 541-440-6021**

**Paul E. Meyer**                    **Paul B. van Dyk**
*County Counsel*                    *Assistant County Counsel*

*Copy*

April 12, 2012

Oregon Tax Court
Regular Division
1163 State Street Salem,
Salem, OR 97301-2563

Re:    Douglas County v. Reman
       Motion and Affidavit for Summary Judgment

Dear Court Clerk:

Enclosed please find the above documents for the above case for filing.

If you have any questions, please call me at 541-440-4375.

Sincerely,

Carolyn R. Kurtz
Paralegal
Douglas County Counsel

Enc    Complaint

c      Assessor Dept.
       Peter Reman

*Exhibit A6*

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

| | | |
|---|---|---|
| DOUGLAS COUNTY, a political subdivision of the State of Oregon, | ) ) ) | Case No. 5073 |
| Plaintiff, | ) ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) | |
| PETER REMAN, | ) ) | |
| Defendant. | ) | |

Plaintiff moves for summary judgment.[1]   There is no genuine issue as to any

material fact and plaintiff is entitled to judgment as a matter of law.   This motion is based

on the files and pleadings herein and the affidavit filed herewith.

The issue is whether defendant's real property is subject to taxation.[2]   It clearly is.

Defendant's arguments to the contrary are without merit and should be summarily

rejected.

First, defendant believes FRCP 4 applies.   It does not.   FRCP 1 ("These rules

govern the procedures in all civil actions and proceedings in the United States district

courts * * *.")

Second, defendant believes Douglas County is a "private company."   This

argument needs no response.

_____

[1] This motion also constitutes plaintiff's response to defendant's motions to
dismiss.

[2] To the extent that defendant's legal theories seem to change, plaintiff moves to
amend its complaint to conform to the evidence.

1 – MOTION FOR SUMMARY JUDGMENT   (G:\TAX\REMAN MSJ 2ND.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR  97470
(541) 440-4375

Third, defendant believes that the agents of Douglas County are "foreign agents." This argument needs no response.

Fourth, defendant believes that taxation is unlawful because the only legal tender is silver and gold. The court disposed of this theory in *Douglas County v. Ohlsen*, __ OTR __ (2011, TC 4955) ("[W]hen ORS 311.260 states that taxes must be paid in 'lawful money of the United States,' it means that taxes must be paid in 'United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks).'")

Fifth, defendant believes he paid his taxes by sending back to the county the tax bills stamped with the gibberish indicated in Exhibit D. The stamps are fundamentally the same kind of exercise rejected by the court in *Ohlsen*.

Sixth, to the extent that defendant may believe that his recording of the "correction deeds" renders his property exempt from taxation, such argument needs no response.

Plaintiff requests summary judgment decreeing that defendant's property is subject to taxation, together with an award of costs, disbursements, and attorney fees, for the reason that defendant's arguments are not objectively reasonable.

Dated: April 12, 2012.

Paul E. Meyer
Douglas County Counsel
321 Douglas County Courthouse
Roseburg, OR 97470

2 – MOTION FOR SUMMARY JUDGMENT   (G:\TAX\REMAN MSJ 2ND.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR 97470
(541) 440-4375

IN THE REGULAR DIVISION OF THE OREGON TAX COURT
Property Tax

DOUGLAS COUNTY, a political )
subdivision of the State of Oregon, )      Case No. 5073
                                    )
        Plaintiff,                  )      AFFIDAVIT IN SUPPORT OF
                                    )      MOTION FOR SUMMARY
    vs.                             )      JUDGMENT
                                    )
PETER REMAN,                        )
                                    )
        Defendant.                  )

STATE OF OREGON      )
                     ) ss
County of Douglas    )

Paul E. Meyer says:

I am County Counsel for Douglas County.

On or about February 8, 2012, defendant left at my office I believe copies of the

two deeds attached to the complaint as Exhibits A and B and a five page document

attached hereto as Exhibit E.

On or about February 9, 2012, I sent defendant the letter attached to the complaint

at Exhibit C.

On or about March 19, 2012, I received from defendant the package of documents

attached to the complaint as Exhibit D.

/////

/////

1 – AFFIDAVIT   (G:\TAX\REMAN MSJ AFFIDAVIT.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR  97470
(541) 440-4375

These copies are I believe true copies of the originals.

Dated:   April 12, 2012.

_____
Paul E. Meyer

Subscribed and sworn to before me this 12th day of April 2012.

OFFICIAL SEAL
**CAROLYN R KURTZ**
NOTARY PUBLIC-OREGON
COMMISSION NO. A447255
MY COMMISSION EXPIRES JUNE 16, 2014

_____
Notary Public for Oregon
My commission expires: June 16, 2014

2 – AFFIDAVIT   (G:\TAX\REMAN MSJ AFFIDAVIT.DOCX)

OFFICE OF COUNTY COUNSEL
321 DOUGLAS COUNTY COURTHOUSE
ROSEBURG, OR   97470
(541) 440-4375

31 USC § 3124. EXEMPTION FROM TAXATION

(a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—

(1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and

(2) an estate or inheritance tax.

(b) The tax status of interest on obligations and dividends, earnings, or other income from evidences of ownership issued by the Government or an agency and the tax treatment of gain and loss from the disposition of those obligations and evidences of ownership is decided under the Internal Revenue Code of 1986 (26 U.S.C. 1 et seq.). An obligation that the Federal Housing Administration had agreed, under a contract made before March 1, 1941, to issue at a future date, has the tax exemption privileges provided by the authorizing law at the time of the contract. This subsection does not apply to obligations and evidences of ownership issued by the District of Columbia, a territory or possession of the United States, or a department, agency, instrumentality, or political subdivision of the District, territory, or possession.

31 USC 3124 (a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State.

The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except - (1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and (2) an estate or inheritance tax. (b) The tax status of interest on obligations and dividends, earnings, or other income from evidences of ownership issued by the Government or an agency and the tax treatment of gain and loss from the disposition of those obligations and evidences of ownership is decided under the Internal Revenue Code of 1986 (26 U.S.C. 1 et seq.). An obligation that the Federal Housing Administration had agreed, under a contract made before March 1, 1941, to issue at a future date, has the tax exemption privileges provided by the authorizing law at the time of the contract.

This subsection does not apply to obligations and evidences of ownership issued by the District of Columbia, a territory or possession of the United States, or a department, agency, instrumentality, or political subdivision of the District, territory, or possession.

**EXHIBIT E**

Historical And Revision Notes

Revised Source (U.S. Code) Source (Statutes at Large) Section

3124(a) 31:742. R.S. Sec. 3701; Sept. 22, 1959, Pub. L. 86-346, Sec. 105(a), 73 Stat. 622.
3124(b) 31:742a. Feb. 19, 1941, ch. 7, Sec. 4, 55 Stat. 9; Mar. 28, 1942, ch. 205, Sec. 6, 56 Stat.
190; restated June 25, 1947, ch. 147, 61 Stat. 180; Sept. 22, 1959, Pub. L. 86-346, Sec. 202, 73
Stat. 624.

In subsection (a), before clause (1), the words "Except as otherwise provided by law, all . .
bonds, Treasury notes, and other" are omitted as surplus.

The words "political subdivision of a State" are substituted for "municipal or local authority" for
clarity and consistency.

The word "applies" is substituted for "extends" for clarity.

The words "directly or indirectly" are omitted as surplus.

In clause (1), the word "instead" is substituted for "in lieu" for clarity.

In subsection (b), the words "shares, certificates, stock, or other" and "sale or other" are omitted
as surplus.

The words "The tax status of . . . and the tax treatment of . . . is decided under the Internal
Revenue Code of 1954 (26 U.S.C. 1 et seq.)" are substituted for "shall not have any exemption,
as such . . . shall not have any special treatment, as such, except as provided under the Internal
Revenue Code of 1954" for clarity.

The words "on or after March 28, 1942" and 31:742a(a)(1st sentence words after semicolon
related to the United States Maritime Commission) are omitted as executed.

The last sentence is substituted for 31:742a(a)(last sentence) for clarity.

The words "any political subdivision thereof" are omitted as included in "agency or

instrumentality". The text of 31:742a(b) and (c) is omitted as unnecessary.

AMENDMENTS 1986 - Subsec. (b). Pub. L. 99-514 substituted "Internal Revenue Code of 1986"

for "Internal Revenue Code of 1954".

---

MEMPHIS BANK & TRUST CO. v. GARNER, 459 U.S. 392 (1983)

**459 U.S. 392**
**MEMPHIS BANK & TRUST CO. v. GARNER, SHELBY COUNTY TRUSTEE, ET AL.**
**APPEAL FROM THE SUPREME COURT OF TENNESSEE**

**No. 81-1613.**

**Argued November 29, 1982**
**Decided January 24, 1983**

A Tennessee statute imposes a tax on the net earnings of banks doing business in the State, and defines net earnings to include interest received on obligations of the United States and its instrumentalities and of other States but not interest earned on obligations of Tennessee and its political subdivisions. Appellant bank brought an action in a Tennessee state court to recover taxes paid on interest earned on various federal obligations, alleging that the bank tax, as applied to appellant, violated 31 U.S.C. 742 - which exempts obligations of the United States from state and local taxation except where the taxes are "nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations" or estate or inheritance taxes - and thus was unconstitutional under the Supremacy Clause. The trial court granted appellant's motion for a summary judgment. The Tennessee Supreme Court reversed, holding that the bank tax fell within the exception for "nondiscriminatory franchise taxes" set forth in 742.
*Held:*
The Tennessee bank tax violates the immunity of obligations of the United States from state and local taxation. The tax cannot be characterized as nondiscriminatory under 742. It discriminates in favor of securities issued by Tennessee and its political subdivisions and against federal obligations by including in the tax base income from federal obligations while excluding income from otherwise comparable state and local obligations, and thus improperly discriminates against the Federal Government and those with whom it deals. Pp. 395-399.
624 S. W. 2d 551, reversed and remanded.
MARSHALL, J., delivered the opinion for a unanimous Court.
K. Martin Worthy argued the cause for appellant. With him on the briefs were Stephen L. Humphrey and David C. Scruggs.
Jimmy C. Creecy, Deputy Attorney General of Tennessee, argued the cause for appellee William M. Leech, Jr., Attorney General. With Mr. Creecy on the brief were Mr. Leech, pro se, and Joe C. Peel, Assistant Attorney [459 U.S. 392, 393] General. J. Minor Tait, Jr., argued the cause for appellees Garner et al. With him on the brief was Clifford D. Pierce, Jr. *
[ Footnote * ] Briefs of amici curiae urging reversal were filed by Solicitor General Lee, Acting Assistant Attorney General Hamblen, Stuart A. Smith, and Ernest J. Brown for the United States; by Henry W. Howard and Elizabeth S. Salveson for the Capital Preservation Fund, Inc., et al.; and by Mac Asbill, Jr., and Warren N. Davis for the Farm Credit Banks.
JUSTICE MARSHALL delivered the opinion of the Court.
The Tennessee bank tax imposes a tax on the net earnings of banks doing business within the State, and defines net earnings to include income from obligations of the United States and its instrumentalities but to exclude interest earned on the obligations of Tennessee and its political subdivisions. Tenn. Code Ann. 67-751 (Supp. 1982). This appeal presents the question whether the Tennessee bank tax violates the immunity of obligations of the United States from state and local taxation.

I

Appellant Memphis Bank & Trust Co. (Memphis Bank) brought this action in state court to recover $56,696.81 in taxes covering the years 1977 and 1978 which had been assessed pursuant to the Tennessee bank tax, Tenn. Code Ann. 67-751 (Supp. 1982). 1 Each bank doing business in Tennessee [459 U.S. 392, 394] is required under 67-751 to pay to local governments of the State a tax of 3% of the bank's net earnings for the preceding fiscal year, less a portion of the ad valorem taxes paid by the bank for that year. 2 Under the statute, net earnings include interest received by the bank on the obligations of the United States and its instrumentalities, as well as interest on bonds and other obligations of States other than Tennessee, but exclude interest on obligations of Tennessee and its political subdivisions. 3
Appellant alleged that the bank tax, as applied to it, violated 31 U.S.C. 742, and thus was unconstitutional under the Supremacy Clause. The parties stipulated that the amount of tax paid by appellant for the years 1977 and 1978 was based entirely on interest earned on various federal [459 U.S. 392, 395] obligations, primarily notes and bills of the United States Treasury and obligations of Federal Credit Banks. 4 They also stipulated that if the interest earned on such federal obligations were excluded from the computation, Memphis Bank would owe no taxes for the years in question.

The Chancery Court of Shelby County granted Memphis Bank's motion for summary judgment, holding that 31 U.S.C. 742 prohibits the inclusion of interest on obligations of the United States and its instrumentalities in the computation of taxable "net earnings" under the Tennessee bank tax. The Supreme Court of Tennessee reversed. 624 S. W. 2d 551 (1981). It held that the bank tax fell within the exception for "nondiscriminatory franchise . . . taxes" set forth in 31 U.S.C. 742. We noted probable jurisdiction, 456 U.S. 943 (1982), and we reverse.

II.

Title 31 U.S.C. 742 establishes a broad exemption of federal obligations from state and local taxation:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty [459 U.S. 392, 396] taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes."

The exemption established in 742 applies not only to Treasury notes and bills, but also to the obligations of such instrumentalities of the United States as Federal Farm Credit Banks. Cf. Smith v. Davis, 323 U.S. 111, 117 (1944) ("other obligations" must be interpreted "in accord with the long established Congressional intent to prevent taxes which diminish in the slightest degree the market value or the investment attractiveness of obligations issued by the United States in an effort to secure necessary credit"). Because no federal statutes have "otherwise provided," 742 applies to income from the types of federal obligations held by Memphis Bank. 5 Therefore, the bank tax is impermissible unless the tax is a "nondiscriminatory franchise or other nonproperty ta[x] in lieu thereof" under 742. 6

We have not previously had occasion to determine whether a state or local tax is "nondiscriminatory" within the meaning of 742. However, we have frequently considered this concept in our decisions concerning the constitutional immunity [459 U.S. 392, 397] of Federal Government property, including bonds and other securities, from taxation by the States. Our decisions have treated 742 as principally a restatement of the constitutional rule. See, e. g., New Jersey Realty Title Ins. Co. v. Division of Tax Appeals, 338 U.S. 665, 672 (1950); Missouri ex rel. Missouri Ins. Co. v. Gehner, 281 U.S. 313, 321 - 322 (1930).

Under the constitutional rule of tax immunity established in McCulloch v. Maryland, 4 Wheat. 316 (1819), "States may not impose taxes directly on the Federal Government, nor may they impose taxes the legal incidence of which falls on the Federal Government." United States v. County of Fresno, 429 U.S. 452, 459 (1977) (footnote omitted). Where, as here, the economic but not the legal incidence of the tax falls on the Federal Government, such a tax generally does not violate the constitutional immunity if it does not discriminate against holders of federal property or those with whom the Federal Government deals. See, e. g., United States v. County of Fresno, supra, at 459-464; United States v. City of Detroit, 355 U.S. 466, 473 (1958); Werner Machine Co. v. Director of Division of Taxation, 350 U.S. 492 (1956); Tradesmens National Bank of Oklahoma v. Oklahoma Tax Comm'n, 309 U.S. 560, 564 (1940). 7

A state tax that imposes a greater burden on holders of federal property than on holders of similar state property impermissibly discriminates against federal obligations. See, e. g., United States v. County of Fresno, supra, at 462 ("a state tax imposed on those who deal with the Federal Government" is unconstitutional if the tax "is imposed [un]equally on . . . similarly situated constituents of the State"). Our cases establish, however, that if the "tax remains the [459 U.S. 392, 398] same whatever the character of the [property] may be, no claim can be sustained that this taxing statute discriminates against the federal obligations." Werner Machine Co. v. Director of Division of Taxation, supra, at 493-494. In Schuylkill Trust Co. v. Pennsylvania, 296 U.S. 113, 119 -120 (1935), we held invalid a Pennsylvania tax levied upon the shares of a trust company that was measured by the company's net assets. In calculating net assets, the statute excluded shares owned by the trust company in Pennsylvania corporations but included shares owned in United States obligations. The Court found that the tax statute discriminated in favor of securities issued by Pennsylvania corporations and against United States bonds or other obligations.

Similarly, in Phillips Chemical Co. v. Dumas Independent School District, 361 U.S. 376 (1960), we held unconstitutional a local tax upon private lessees which was imposed on the estimated full value of the leased premises. The tax statute applied to lessees of United States Government property but not to lessees of exempt real property owned by the State and its political subdivisions. We held that the tax "discriminates unconstitutionally against the United States and its lessee." Id., at 387.

It is clear that under the principles established in our previous cases, the Tennessee bank tax cannot be characterized as nondiscriminatory under 742. Tennessee discriminates in favor of securities issued by Tennessee and its political subdivisions and against federal obligations. The State does so by including in the tax base income from federal obligations while excluding income from otherwise comparable state and local obligations. 8 We conclude, therefore, that [459 U.S. 392, 399] the Tennessee bank tax impermissibly discriminates against the Federal Government and those with whom it deals.

The judgment of the Supreme Court of Tennessee is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

Footnotes

[ Footnote 1 ] "Excise tax on bank earnings - Rate. - There is hereby created a subclassification of intangible personal property which shall be designated as the `shares of banks and banking associations.' All property in this subclassification shall be taxed in the following manner: Commencing in 1977 and each year thereafter, in lieu of the assessment according to the value and taxation of its intangible personal property, each bank doing business in this state shall pay to local governments of Tennessee an excise tax of three percent (3%) of the net earnings for the next preceding fiscal year less ten

percent (10%) of the ad valorem taxes paid by the bank on its real property and tangible personal property for the next preceding year. The net earnings shall be calculated in the same manner as prescribed by chapter 27 of title 67. The tax herein imposed shall be in lieu of all taxes on the redeemable or cash value of all of their outstanding shares of capital [459 U.S. 392, 394] stock, customer savings and checking accounts, certificates of deposit and certificates of investment, by whatever name called, including other intangible corporate property of such bank or banking association provided that such bank or banking association shall nonetheless continue to be subject to ad valorem taxes on its real and tangible personal property, the excise tax imposed under chapter 27 of title 67 and all other taxes to which it is currently subject."
[ Footnote 2 ] A "minimum tax" provides that under 67-751 the bank shall be taxed no less than an ad valorem tax calculated on 60% of the bank's book value. Tenn. Code Ann. 67-752 (Supp. 1982). The parties apparently did not consider the "minimum tax" described in 67-752 to be an alternative basis of tax liability in the event that 67-751 was held unconstitutional. Accordingly, the courts below had no occasion to consider the constitutionality of 67-752 and we do not reach this question.
[ Footnote 3 ] For purposes of the bank tax, the term "net earnings" is defined as "[f]ederal taxable income" with specified adjustments. Tenn. Code Ann. 67-2704 (Supp. 1982). "Federal taxable income" includes interest on obligations of the United States and its instrumentalities, but does not include interest on state or municipal obligations. See 26 U.S.C. 103(a). Tennessee Code Ann. 67-2704(b)(1)(B) adjusts "federal taxable income" by adding "[i]nterest income earned on bonds and other obligations of other states or their political subdivisions, less allowable amortization." However, no similar adjustment is made to include interest on obligations of the State of Tennessee or its political subdivisions in the definition of "net earnings" subject to the bank tax.
[ Footnote 4 ] There are 37 Farm Credit Banks: 12 Federal Land Banks, 12 Federal Intermediate Credit Banks, and 13 Banks for Cooperatives. They are federal instrumentalities designed to provide a reliable source of credit for agriculture. Pub. L. 92-181, 85 Stat. 583, 12 U.S.C. 2001 et seq. See generally United States v. Mississippi Chemical Corp., 405 U.S. 298, 301 -305 (1972).
The tax on Memphis Bank was also based in part on income from obligations of the Farmers Home Administration and the Federal National Mortgage Association.
[ Footnote 5 ] In establishing the Federal Farm Credit Banks, Congress made clear that the obligations of these banks would be immune from taxation by the States. 12 U.S.C. 2055, 2079, and 2134. We have no occasion to determine whether the immunity described in these provisions is broader than that otherwise provided by 31 U.S.C. 742. We note, however, that for purposes of federal tax immunity, our cases have made no distinction between the obligations of the United States Treasury and the obligations of the Federal Credit Banks. See, e. g., Tradesmens National Bank of Oklahoma v. Oklahoma Tax Comm'n, 309 U.S. 560 (1940); Schuylkill Trust Co. v. Pennsylvania, 296 U.S. 113 (1935); Federal Land Bank v. Crosland, 261 U.S. 374 (1923); Macallen Co. v. Massachusetts, 279 U.S. 620 (1929); Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921).
[ Footnote 6 ] The nondiscrimination requirement applies to both franchise taxes and other nonproperty taxes. Cf. S. Rep. No. 909, 86th Cong., 1st Sess., 8 (1959). Because we hold that the Tennessee bank tax discriminates against federal obligations, we need not reach the question whether the tax may be characterized as a "franchise or other nonproperty ta[x] in lieu thereof."
[ Footnote 7 ] Although the scope of the Federal Government's constitutional tax immunity has been interpreted more narrowly in recent years, there has been no departure from the principle that state taxes are constitutionally invalid if they discriminate against the Government. See, e. g., United States v. New Mexico, 455 U.S. 720, 735 , n. 11 (1982).
[ Footnote 8 ] We cannot regard the impact of the discrimination as de minimis. According to the United States, which filed a brief as amicus curiae in support of reversal, if all 50 States enacted provisions comparable to the Tennessee bank tax, the United States would incur additional annual borrowing costs estimated at $280 million at an interest rate of 12%. Brief for United States as Amicus Curiae 2. [459 U.S. 392, 400]

IN THE REGULAR DIVISION OF OREGON TAX COURT

DOUGLAS COUNTY, a political )
Subdivision of the State of Oregon, )      Case No. 5073
                                    )
                Plaintiff,          )
                                    )      CERTIFICATE OF SERVICE
        vs.                         )      FOR MOTION AND AFFIDAVIT FOR
                                    )      SUMMARY JUDGMENT
PETER REMAN,                        )
                                    )
                Defandant.          )

The undersigned certifies that a true copy of the foregoing MOTION FOR
SUMMARY JUDGMENT AND AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT was sent to the following:

        Peter Reman
        PO Box 1048
        1525 Plat I Road
        Sutherlin, OR 97479

by mailing the same to him on April 12, 2012.

                                    Carolyn R. Kurtz
                                    Paralegal
                                    Douglas County Counsel
                                    321 Douglas County Courthouse
                                    Roseburg, Oregon 97470
                                    541-440-4375

1 – CERTIFICATION OF SERVICE (J:\Tax\Certificate of Service Reman.doc) April 11, 2012