UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**PETER ATTILLA, et al.**

                    **Plaintiff(s),**

v.                                              Case No.: 6:12–cv–00730–HO

**DOUGLAS COUNTY, et al.**

                      **Defendant(s).**

_____/

<u>Civil Case Assignment Order</u>

    **(a)**    **Presiding Judge:** The above referenced case has been filed in the Eugene Division of the U.S. District Court for the District of Oregon and assigned for all further proceedings to:

> Presiding Judge . . . . . . . . . . . . . . . . . . . . . . . . Hon. Michael R. Hogan
>
> Presiding Judge's Suffix Code*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . HO
>
> *These letters must follow the case number on all future filings.

    **(b)**    **Courtroom Deputy Clerk:** Questions about the status or scheduling of this case should be directed to:

> Jill Wright
> Telephone: (541) 431–4103
> Email: jill_wright@ord.uscourts.gov

    **(c)**    **Case Administrator/Docket Clerk:** Questions about CM/ECF filings or docket entries in this matter should be directed to:

> Sheryl Nogelmeier
> Telephone: (541) 431–4104
> Email: sheryl_nogelmeier.uscourts.gov

    **(d)**    **Place of Filing:** All non–electronic filings must be submitted to the Clerk of Court, Wayne L. Morse Courthouse, 405 East Eighth Ave., Eugene, OR, 97401. (See LR 3–3 and LR 100–5).

    **(e)**    **District Court Website:** Information about local rules of practice; CM/ECF electronic filing requirements; responsibility to redact personal identifiers from pleadings, motions, and other papers; and other related court information can be accessed on the court's website at ord.uscourts.gov.

    **(f)**    **Consent to a Magistrate Judge:** In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all United States Magistrate Judges in the District of Oregon are certified to exercise civil jurisdiction in assigned cases and, with the consent of the parties, may also enter final orders on dispositive motions, conduct trial, and enter final judgment which may be appealed directly to the Ninth Circuit Court of Appeals (instead of to a District Judge).

    Parties are encouraged to consent to the jurisdiction of a Magistrate Judge by signing and filing the <u>Consent to Jurisdiction by a United States Magistrate Judge</u> (a copy of the consent form is included with this assignment order). There will be no adverse consequences if a party elects not to consent to a Magistrate Judge.

    Additional information about United States Magistrate Judges in the District of Oregon may be found on the Court's website at <u>ord.uscourts.gov</u>.

**DATED:  April 25, 2012.**           **MARY L. MORAN,**
                                                       **Clerk of Court**

                                                       by:  /s/ S. Nogelmeier

                                                       S. Nogelmeier, Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**PETER ATTILLA, et al.**

                           **Plaintiff(s),**

**v.**                                          Case No.: 6:12−cv−00730−HO

**DOUGLAS COUNTY, et al.**

                           **Defendant(s).**

_____ /


### Discovery and Pretrial Scheduling Order

In order to facilitate and expedite discovery and the effective management of this case, the Court orders that:

**(a)** **Corporate Disclosure Statement:** In accordance with Fed. R. Civ. P. 7.1, any non−governmental corporate party must file a corporate disclosure statement concurrently with the filing of a first appearance.

**(b)** **Initial Conference of Counsel for Discovery Planning:**

    **(1)** Except in cases exempted under Fed. R. Civ. P. 26(a)(1)(B), upon learning the identity of counsel for Defendant(s), counsel for the Plaintiff(s) must initiate communications with counsel for Defendant(s).

    **(2)** All counsel must then confer as required by Fed. R. Civ. P. 26(f) within thirty (30) days after all Defendants have been served (See LR 26−1).

    **(3)** Counsel should also discuss their client's positions regarding consent to a Magistrate Judge and Alternate Dispute Resolution options.

    **(4)** If counsel for all of the parties agree to forgo the initial disclosures required by Fed. R. Civ. P. 26(a)(1), they can use the Court form issued with this order (See LR 26−2). Whether or not the parties agree to forgo the initial disclosures, they may seek discovery once the initial conference of counsel for discovery planning contemplated by Fed. R. Civ. P. 26(f) has occurred (See LR 26−1).

**(c)** **Joint Status Report:**

    **(1)** **Filing Requirements:** The parties will file a Joint Status Report within 120−days from the date of this order, setting forth in separate paragraphs, the following information:

        **(A)** A concise statement summarizing the jurisdiction and nature of the case and any jurisdictional problems;

        **(B)** The case number, title, and status of similar or successive cases or proceedings pending in this court, or any other court or administrative agency;

**(C)** Whether the case is appropriate for referral to a mediator, arbitrator, or Special Master;

**(d)** Whether the case is to be tried by a jury, if previously demanded pursuant to Fed.R.Civ.P. 38(d);

**(E)** Date the case will be ready for trial, estimated number of trial days, dates counsel will be unavailable for trial, and any complications to be considered in setting the trial date;

**(F)** Name, address, and telephone number of actual trial counsel;

**(G)** Whether all parties will consent to trial and entry of judgment by a United States Magistrate Judge (See Fed.R.Civ.P. 73 and LR 73).

**(2)** **Separate Status Reports are Not Allowed:** If counsel cannot agree to any portion of the report, they shall respond in separate paragraphs in the Joint Status Report.

**(3)** **Non−appearing Parties:** In a separate paragraph, Plaintiff will explain the status of all previously served parties who have not filed a response prior to the due date of the Joint Status Report.

**(d)** **Pretrial and Discovery Deadlines:** At the Initial Discovery Planning Conference referenced in paragraph (b) above, counsel should attempt to agree on one or more dates when they must:

**(1)** File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;

**(2)** Join all claims, remedies and parties pursuant to Fed. R. Civ. P. 18 and 19;

**(3)** File all pretrial, discovery and dispositive motions;

**(4)** Complete all discovery; and

**(5)** Confer as to Alternate Dispute Resolution pursuant to LR 16−4(c).

The dates agreed upon by counsel should be communicated to the Court, and the Court will then issue a scheduling order which may include the agreed upon dates and/or set a Rule 16 Conference. Until the Court enters a subsequent scheduling order, the deadline for items (1) through (5) above will be 120 days from the date of this order.

**(e)** **Pretrial Order Deadline:** Unless otherwise ordered by the court, not later than 30 days from the date discovery is to be completed (item(4) above), counsel must lodge a Joint Pretrial Order (See LR 16−6), and file a Joint Alternate Dispute Resolution Report (See LR 16−4(d)).

**(f)** **Service of this Order:** Counsel for the Plaintiff must serve this order, and all attachments, upon all other parties to the action.

**DATED:** April 25, 2012.      **MARY L. MORAN,**
**Clerk of Court**

by: /s/ S. Nogelmeier

S. Nogelmeier, Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**PETER ATTILLA, et al.**

                    **Plaintiff(s),**

**v.**                                    **Case No.: 6:12–cv–00730–HO**

**DOUGLAS COUNTY, et al.**

                    **Defendant(s).**

_____ /

**Fed. R. civ. P. 26(a) Discovery Agreement**

    In accordance with LR 26–2, I state that the parties who have been served and who are not in default, have agreed to forego the disclosures required by Fed. R. Civ. P. 26(a)(1).

**DATED:** _____

                      **Signature:** _____

      **Name and OSB ID:** _____

        **E–mail Address:** _____

              **Firm Name:** _____

       **Mailing Address:** _____

           **City, State, Zip:** _____

**Parties Represented:** _____

cc: Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**PETER ATTILLA, et al.**

                     **Plaintiff(s)**,

**v.**                                                    Case No.: 6:12−cv−00730−HO

**DOUGLAS COUNTY, et al.**

                     **Defendant(s).**

_____ /

**Consent to Jurisdiction by a Magistrate Judge
and Designation of the Normal Appeal Route**

    In accordance with Fed. R. Civ. P 73(b), as counsel for the party (parties) identified below, I consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment. I understand that withholding consent will not result in any adverse consequences. In accordance with Fed. R. Civ. P. 73(c), I agree that any appeal from a final order or judgment entered by a United States Magistrate Judge shall proceed directly to the United States Court of Appeals for the Ninth Circuit, and not to a District Judge of this Court.

**DATED:** _____

**Signature:** _____

**Name and OSB ID:** _____

**E−mail Address:** _____

**Firm Name:** _____

**Mailing Address:** _____

**City, State, Zip:** _____

**Parties Represented:** _____

cc: Counsel of Record

## U.S. District Court – Oregon
## Civil Case Management Time Schedules

| Local Rule | Event or Requirement | Time Frame | Comment |
|---|---|---|---|
| LR 16–1(d) | Discovery and Pretrial Scheduling Order (with attachments) | Issued by the clerk's office at the time of filing, along with the summonses | Required to be served on all parties by the filing party |
| LR 26–1 | Initial Conference for Discovery Planning | Within 30 days from service of the last defendant | Held between parties |
| LR 16–4(c) | ADR Conference Requirements | Within 120 days from the date the discovery order is issued | Parties must confer with other attorneys and unrepresented parties to discuss ADR options |
|  | Joint Status Report | Within 120 days from the date the discovery order is issued | Required in cases assigned to Judges Hogan and Jones |
| LR 16–2(e) | Completion of Discovery | Unless otherwise ordered by the court, within 120 days from the date the discovery order is issued | Discovery deadlines are set forth in the Discovery and Pretrial Scheduling Order |
| LR 16–4(d) | Joint ADR Report | Within 150 days from the date the discovery order is issued | The parties must file a Joint ADR Report |
| LR 16–6 | Joint Pretrial Order | Unless otherwise modified pursuant to LR 16–6(a), within 150 days from the date the discovery order is issued | PTO filing deadline is established in the Discovery and Pretrial Scheduling Order |
| LR 16–4(f)(1)(D) | Notice to the Court that the Parties Are Unable to Select a Volunteer Mediator | Within ten (10) days after entry of a court order directing reference to a volunteer mediation | Plaintiff's attorney is responsible for notifying the court |
| LR 16–4(h)(1) | Notification of Private ADR Results | Within seven (7) days after the conclusion of private ADR proceedings | Plaintiff's attorney is responsible for notifying the court |
| LR 16–4(h)(2) | Report of Court Appointed Private or Volunteer Mediation | Promptly if no settlement is achieved | Court appointed private or volunteer mediator is responsible for notifying the court |